Per Curiam:
Maltz sued Howe and Recor by declaration in the superior court of Detroit. On filing the declaration, a rule to plead was entered, but in entering the rule the clerk committed an error, and instead of wording it so as to require the defendants to plead in twenty days after service of a copy of the declaration and notice of the rule, he made it a rule of ten days. The declaration served, however, was endorsed with a notice that the rule to plead was one of twenty days, as it should have been. The defendant in error waited more than twenty days, and the plaintiffs in error failing to appear or plead, their default was formally entered, and in due time thereafter made absolute, and on the basis of this default, final judgment was entered. The plaintiffs in error claim the judgment to be erroneous on ac *473 count of tbe defect in the rule to plead. In Turill v. Walker, 4 Mich., 177, no notice of rule to plead was served, and the court held that as the service of the declaration without any notice gave no information to the party served of the purpose in serving it, the proceeding was *insuffieient to support a default. But here the case is different.
The party served was informed of the object. The notice in itself was regular, and no default was practicable sooner than the statute authorized, and none was entéred until the statutory time had expired.
The only irregularity was in the entered rule, and that was a clerical mistake, which worked no prejudice to the plaintiffs in error. They lost nothing by it. The defect was cured by the statute. — Subdivision 13 of § 6051, C. L.
The judgment must be affirmed, with costs.