John Weimeister, garnishee etc. v. Hiram S. Manville.

*Garnishment—Affidavit—Particularity of averments.*

Under Act 256 of 1879, an affidavit for a writ of garnishment must state whether the principal suit is on an express, or an implied, contract, and must distinctly connect the garnishee's indebtedness sworn to with a suit or contract.

An affidavit for a writ of garnishment is defective if based upon the apprehension of any other person than the actual affiant.

Act 256 of 1879 does not authorize the writ of garnishment to issue in suits begun by declaration.

Garnishment is a harsh and peculiar remedy and ought not to be resorted to without sufficient reason; and when the affidavit upon which the writ is taken out is defective no presumption can arise in its favor.

Error to Mason.   Submitted Oct. 7.   Decided Oct. 20.

Garnishment.   The garnishee brings error.   Reversed.

*White & McMahon* for plaintiff in error.

*C. G. Wing* for defendant in error.

CAMPBELL, J. In this case the facts are the same as in the case of the same garnishee as plaintiff in error against *Singer and Benedict*, except that in the present case the suit against the principal debtor is alleged to be pending in the Mason circuit court. There are, however, some peculiarities about the proceedings which may properly be referred to, that are not found in the other case so distinctly.

By referring to the amendatory act of 1879 it will be found among other things to have changed the requisites of garnishee process in these particulars from the old statute. It provides for actions on contract, adding the words "express or implied" which were not in the old statute, and which have always been included in the attachment laws. This change would not by itself be important if the affidavit, which formerly was only required to aver an indebtedness, were not now required to aver it as existing " *on such contract, judgment or decree*," thus indicating a purpose to require fuller averments of identity than before. The present affidavit, while averring a suit on contract, not only fails to set up whether it is on express or implied contract, but also in no way connects the indebtedness sworn to, either with the suit or with any contract. When a statute introduces such changes by amendment, it must be regarded as designed to secure more distinct allegations, and to require greater particularity than before. No inference can be raised in favor of an affidavit which contains no information within the amendments.

Another important change is that while the old law, which is repealed by the new section, applied to suits "whether commenced by summons, *capias*, declaration, or writ of attachment," the new law omits suits by declaration. We need not inquire whether this does or does not change the extent of relief. The suit mentioned in the affidavit was commenced by declaration.

The statute in order to avoid needless vexation, requires a

distinct averment under oath that the "plaintiff or affiant" is justly apprehensive of the loss of his debt unless a writ of garnishment issue to the garnishee named. The old law, although allowing either the plaintiff or his agent or attorney to swear to the affidavit, required it to aver that the "plaintiff" was justly apprehensive. It is not easy to see how an agent could swear to the apprehension of another person, and the new law has obviated that absurdity. The affidavit in this case, though made by an attorney, does not aver that "affiant" has any such apprehension (which was within his personal knowledge), but that "plaintiff" had, which he could not know. Moreover he does not aver fear of loss unless the writ issue to the garnishee, but unless it issue to Manville. This is most probably a mere slip, but it nevertheless is not the statutory averment, and there is no responsible statement of this important jurisdictional fact.

As the assignments of error cover the defect of jurisdiction, and the writ, which does not itself conform to the affidavit in other respects, was issued without legal authority, we do not think it desirable to inquire into the regularity of the subsequent action.

We, however, feel bound to suggest that this remedy is a harsh and peculiar one and ought not to be resorted to without sufficient reason. The statutes give several grounds of possible garnishee liability—putting them, however, in the alternative. A person cannot truly swear he has good reason to believe in the existence of any of these causes, unless he has something like tangible information from which he can determine whether the garnishee is a debtor, or a custodian of property, or in what particular way he is liable. If it is possible, it certainly is not probable that the same garnishee is liable in every way; and yet the present affidavit covers every kind of liability, although the writ leaves out indebtedness which very possibly was the real ground intended. It is very unjust to allow any such sweeping averment to overcome the sworn denial of the garnishee far enough to allow him to be further vexed without a more specific showing. We are not required now to discuss the validity of such vague

charges to subject a party to expense and personal trouble. But we are very clear that no presumptions should be allowed to help out such a case.

The judgment must be reversed with costs of both courts.

The other Justices concurred.