THE PEOPLE, FOR THE USE AND BENEFIT OF THOMAS H. TRACEY AND JOHN TRACEY, EXECUTORS, v. CHARLES BLANCHARD, CHARLES S. CONVERSE, JOHN S. TRASK, MARTIN BRESNAHAN, AND DAVID RUNNELS.

*Affidavit for attachment—Must state nature of contract on which debt is claimed to be due—Omission fatal to jurisdiction of the court.*

An affidavit in attachment must state the *character* of the contract on which the debt sued for is claimed to be due,—whether *express* or *implied*. This is a statutory requirement, is jurisdictional, and its omission is *fatal* to the attachment proceedings.

Error to Roscommon. (Fallass, J.) Argued April 22, 1886. Decided June 10, 1886.

Case. Defendants bring error. Reversed. The facts are stated in the opinion.

*Delano & Bunker*, for appellants.

*H. H. Woodruff* (*Edget & Brooks*, of counsel), for plaintiffs.

SHERWOOD, J. On the fifteenth day of March, 1883, John Tracey sued out a writ of attachment from the circuit court for the county of Roscommon, against the goods and chattels of John Mahoney, based upon the following affidavit:

"*State of Michigan, County of Roscommon—ss.:* John Tracey, of Roscommon village, in the county of Roscommon, and State of Michigan, being duly sworn, deposes and says that he is the plaintiff named in the annexed writ of attachment ; that John Mahoney, the defendant named in the said writ, is justly indebted to him in the sum of twenty-two hundred dollars, as near as may be, over and above all legal set-offs, and that the same is now due and upon contract. And this deponent further says that the deponent knows that the said John Mahoney has assigned his property with the intent to defraud his creditors. JOHN TRACEY."

The writ issued in the case was executed by the defendant Charles Blanchard, who was sheriff of the county at the time, by attaching and taking into his possession stock and goods of the appraised value of $5,429.30.

Subsequently John Tracey recovered a judgment against Mahoney in the attachment suit for the sum of $2,241.34 damages, and $31.50 costs. Execution was issued on this judgment, and on the fourth day of March, 1884, it was returned unsatisfied.

Atherton & Co. were the assignees of a chattel mortgage covering a portion of the attached property, amounting to $2,144.35, and were creditors of John Mahoney.

On the eighteenth day of April, 1883, the sheriff delivered to Atherton & Co. the property remaining in his hands under and by virtue of the writ of attachment, the firm having given him a bond of indemnity.

The sheriff failing to produce the property attached to

satisfy the judgment of Tracey against Mahoney, the plaintiff brought this action against him and his bondsmen.

The cause was tried before the circuit judge without a jury, and the plaintiff was allowed to recover. The cause was tried, on the part of the defendants, upon the theory that the affidavit for the writ of attachment in the case of *Tracey* against *Mahoney* was fatally defective and void, and gave no jurisdiction to issue the writ, and that the sheriff never acquired any lien upon Mahoney's property taken thereunder by him.

The statute requires the affidavit to state that the indebtedness is due upon contract, express or implied, or upon judgment. How. Stat. § 7987.

The statement that the amount claimed is due upon contract, express or implied, is jurisdictional, under the rulings of this Court: *Drew v. Dequindre*, 2 Doug. (Mich.) 93; *Wilson v. Arnold*, 5 Mich. 98; *Weimeister v. Manville*, 44 Id. 408; *Conway v. Ionia Circuit Judge*, 46 Id. 28.

The omission to state the character of the contract upon which the plaintiff claims is clearly jurisdictional, and the circuit judge erred in holding otherwise.

The judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. MORSE, J., did not sit.