UNITED STATES ex rel. MUDSILL MIN. CO. v. SWAN.

(Circuit Court of Appeals, Sixth Circuit. February 5, 1895.)

No. 269.

1. JURISDICTION OF UNITED STATES COURTS—POWER OF CIRCUIT COURT OF APPEALS TO ISSUE MANDAMUS TO TAKE JURISDICTION.

It seems that where a circuit or district court refuses to hear a cause for want of jurisdiction, and the question thus decided may be heard, on certificate, in the supreme court, under section 5 of the act establishing the circuit courts of appeals (11 C. C. A. vii.), it would not be within the power of the circuit court of appeals by mandamus to compel such circuit or district court to take jurisdiction of the cause, but such power is vested in the supreme court whenever remedy by appeal or writ of error or certificate is not adequate.

2. SAME — WHAT QUESTIONS OF JURISDICTION MAY BE CERTIFIED TO SUPREME COURT.

It seems that the cases in which the question of jurisdiction of the circuit or district courts may be taken by certificate directly to the supreme court, under section 5 of the act establishing the circuit courts of appeals, are those involving the initial questions of the jurisdiction of such courts, whether in law or equity, over the subject-matter and the parties, and not those in which a question arises as to whether a court of law or of equity is the proper forum for the working out of rights properly within the particular federal jurisdiction for adjudication.

3. SAME—EQUITY—GARNISHMENT.

The statutes of Michigan (2 How. Ann. St. c. 277) provide that, where any sum remains unpaid upon any judgment or decree, if the plaintiff shall file with the clerk an affidavit that any person has money or property of the defendant, and he is justly apprehensive of loss unless a writ of garnishment issue, such writ shall issue, upon which such person shall be summoned to appear, and make disclosure of any property of the defendant. The proceeding is declared to be one in trover, or for money had and received, against the garnishee, and a jury may be impaneled, and a judgment rendered for or against him. *Held*, that such garnishment proceedings are proceedings at law, and, whether or not they can be entertained by the courts of Michigan on their equity side, the federal courts in equity cannot entertain such proceedings or issue writs of garnishment.

4. REFUSAL TO TAKE JURISDICTION—ADEQUACY OF REMEDY BY APPEAL.

It seems that an order quashing a writ of garnishment, under the Michigan statute, for want of jurisdiction, and dismissing the garnishee with his costs, is a final order, an appeal from which would furnish an adequate remedy to the party aggrieved, and a mandamus is unnecessary for the purpose.

This is a petition for mandamus against Judge Swan, United States district judge for the Eastern district of Michigan, to compel him, sitting in the circuit court of the United States for that district, in equity, to take jurisdiction of a proceeding in garnishment, under the statutes of Michigan, instituted by the relator, the Mudsill Mining Company, for the purpose of collecting the balance due on a decree entered in that court in favor of the relator for about $150,000. The original suit was brought by the Mudsill Mining Company against Orville A. Watrous and Stewart A. Van Dusen, to set aside the sale of a silver mine, on the ground of fraud, and to recover the purchase price paid. The circuit court dismissed the bill, and the complainant appealed to this court, where the decree of the circuit court was reversed, and the cause was remanded, with instructions to enter a decree against Watrous for the amount of the purchase money received by him and interest, amounting to about $150,000, and a decree for a less sum against Van Dusen. 61 Fed. 163. The mandate of this court was complied with, and a proper decree entered. Shortly after the decree was entered, the attorney for the complainant filed in the circuit court, in the same cause in equity, an affidavit averring that

Willard I. Brotherton, Henry N. Watrous, and Henry W. Jennison, all of Bay City, Mich., had money and property of Orville A. Watrous in their custody, and that he was justly apprehensive of the loss of the amount due on the decree, unless a writ of garnishment should issue to the persons named. The writ was issued on the affidavit by the clerk of the court in equity, and the three garnishees, being served, appeared, and moved to quash the writ on numerous grounds, one of which was that a circuit court of the United States in equity has no jurisdiction to entertain a proceeding in garnishment under the statutes of Michigan.  Upon this ground Judge Swan granted the motion, and quashed the writ in the following order (entered November 7, 1894):

"The Mudsill Mining Co. et al., Complainants, vs. Orville A. Watrous and Stewart A. Van Dusen, Principal Defendants, and Willard I. Brotherton, Henry N. Watrous, and Henry W. Jennison, Garnishee Defendants.

"On reading and filing the motion of the said garnishee defendants to quash the writ of garnishment heretofore issued in this cause, and after hearing counsel for both parties, on motion of Chester L. Collins, Esq., of counsel for said garnishee defendants, it is ordered: That the writ of garnishment issued in said cause at the instance of the plaintiffs be, and the same is hereby, quashed, and held for naught. But the effect of this order is hereby suspended, pending a review of the order, until the further order of this court, directing that it become absolute.          Henry H. Swan. District Judge."

Thereupon the present petition for mandamus was filed by the Mudsill Mining Company as relator, in which, after setting out the facts as given above, and averring that the order to quash the garnishment proceeding was made because the court deemed that it had no jurisdiction to entertain it, and that the petitioner has no adequate legal remedy to secure this right save by mandamus, the relator prays that a writ may issue "directed to the circuit court of the United States for the Eastern district of Michigan in equity, requiring said court to vacate and set aside said order of November 7, 1894, quashing the writ of garnishment in the cause above named, and directing said court to proceed with all convenient speed to the execution of such process."  The respondent appears and answers, setting out the facts as they appear of record and as they are stated above.

John H. Bissell and Otto Kirchner, for relator.
Chester L. Collins, for respondent.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge (after stating the case as above), delivered the opinion of the court.

Section 12 of the act of congress of March 3, 1891 (26 Stat. 729), establishing circuit courts of appeals, provides that those courts "shall have the powers specified in section 716 of the Revised Statutes of the United States."  Section 716, Rev. St., provides that:

"The supreme court and the circuit and district courts shall have power to issue writs of scire facias.  They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

In so far as the writ of mandamus is necessary for the exercise of the jurisdiction of this court as conferred by law, we have no doubt of our power to issue it.  Where, therefore, a circuit or district court fails to execute a mandate of this court in a cause brought here by appeal or writ of error, it is not to be questioned that we may compel its execution by mandamus.  Gaines v. Rugg,

148 U. S. 228, 13 Sup. Ct. 611. It is to be observed, however, that by the fifth section of the circuit court of appeals act, appeals or writs of error may be taken from the district courts or from the existing circuit courts direct to the supreme court "in any case in which the jurisdiction of the court is in issue. In such cases the question of jurisdiction alone shall be certified to the supreme court from the court below for decision." By the sixth section [1] of the same act the circuit courts of appeal are given power "to exercise appellate jurisdiction to review by appeal or by writ of error final decisions in the district and the exis' 'g circuit courts in all cases other than those provided for" in the fifth section. It would seem to be clear, therefore, that where a circuit court or a district court refuses to hear a cause for want of jurisdiction, and the question thus decided may be heard on certificate in the supreme court under section 5, it would not be within the power of this court by mandamus to compel such circuit or district court to take jurisdiction of the cause, but that such power is vested in the supreme court whenever remedy by appeal or writ of error on certificate is not adequate. Just what is meant by the word "jurisdiction" in the first paragraph of section 5 has not yet been exactly defined by the supreme court. It is a term which is given a varying meaning. Thus a bill which states no ground for equitable relief is often said not to be within the jurisdiction of a court of equity, and yet it would hardly be a reasonable construction of the paragraph referred to that such a question could be carried by certificate of the circuit court direct to the supreme court. There is strong ground for thinking that the first paragraph of that section was intended to apply only to the initial questions of the jurisdiction of a United States district or circuit court, whether in law or equity, over the subject-matter and parties, and not to questions whether a court of equity or of law is the proper forum for the working out of rights properly within the particular federal jurisdiction for adjudication. In the case at bar, Judge Swan refused to enforce under the statutes of Michigan the payment of a money decree by the issuance of a writ of garnishment in equity, because he conceived it not to be within the power and jurisdiction of a circuit court of the United States on its equity side to do so, but he did not deny that such a proceeding could be had on the law side of the court. Could such a question, on his certificate, be carried direct to the supreme court, under section 5 of the court of appeals act? We think not, for the reason suggested above; and, if not, then it is the subject-matter of review in this court by proper proceeding.

If an adequate remedy for Judge Swan's refusal to enforce a writ of garnishment can be had by appeal, there is no ground for the issuance of a mandamus. Ex parte Baltimore & O. R. Co., 108 U. S. 566, 2 Sup. Ct. 876. This depends in part on the question whether the order quashing the writ of garnishment was a final order. It seems to us that it was, because an execution for costs could issue

[1] 11 C. C. A. x.

against the complainant in favor of the garnishees, who were, by his order, finally dismissed from the proceeding. A final decree had already been rendered in the case. This was a proceeding to enforce that by bringing in new parties against whom judgment was asked. The proceeding was dismissed, and they were entitled to their costs. In the case of Ex parte Baltimore & O. R. Co., above cited, it was sought to obtain a mandamus to compel a circuit court to take jurisdiction of a proceeding in replevin in which the circuit court had quashed the writ. It was held that error would lie, and furnished an adequate remedy, and therefore mandamus would not lie. Still the fact that appeal or error will lie does not always prevent the issuance of mandamus, because the former, though it exists, is not always an adequate remedy. Such is generally the case where the appellate court is asked by mandamus to compel compliance with its mandate by the lower court, which has failed to comply because of a misconstruction of the meaning of the mandate. Gaines v. Rugg, 148 U. S. 228, 243, 13 Sup. Ct. 611. It is said accordingly in support of the writ that it is here sought to compel the court below to enforce the mandate of this court. But this court never considered the question whether garnishment under the statutes of Michigan was a proper remedy in equity for enforcing a money decree, and there was nothing in the mandate intended to decide that question. The point considered and decided by Judge Swan was one subsequently arising, and, although his decision thereon is of a class usually controllable by mandamus, namely, refusals to take jurisdiction, we are nevertheless inclined to think that appeal would be an adequate remedy. But we do not propose to rest our decision of the case upon this point, for we are clearly of the opinion that, even if mandamus is the proper remedy, Judge Swan was right in quashing the writ.

The proceeding in garnishment is provided for in Michigan by 2 How. Ann. St. c. 277. The first section of that chapter (8058) as amended (3 How. Ann. St. p. 3751), provides that "in all personal actions arising upon contract, express or implied, brought in the several courts or municipal courts of jurisdiction, whether commenced by declaration, writs of capias, summons, or attachment, and in all cases where there remains any sum unpaid upon any judgment or decree rendered in any of the several courts herein before mentioned, * * * if the plaintiff * * * shall file with the clerk of said circuit court at the time of, or after the commencement of said suit, or at any time after rendition of judgment or decree, an affidavit" that any person has money or property of defendants, and that he is justly apprehensive of loss unless a writ of garnishment issues, "a writ of garnishment shall be issued, sealed and tested in the same manner as writs of summons and directed to the sheriff, reciting the commencement of the suit or the rendition of the judgment or decree against the principal defendant," and commanding the sheriff to summon such person to appear in court to make disclosure of all property or money of defendant held by him, and thenceforth to pay no money or property to the principal defendant. The statute

in further sections provides that, if plaintiff is not satisfied with the disclosure, he may have an examination of the garnishee. Section 8068 provides that the affidavit for the writ of garnishment shall be held and considered as a declaration by the plaintiff in trover against the garnishee as defendant, or for money had and received, and, where examination is had, the affidavit is to be considered denied, except so far as admitted, and "thereupon a statutory issue shall be deemed framed for the trial of the question of the garnishee's liability to the plaintiff." Section 8070 provides for the trial of the issue by a jury duly impaneled, and section 8072 provides for the entry of the judgment on the verdict. In Michigan, the division of jurisdiction between courts of equity and courts of law is still maintained, and, in view of the wording of the statute, it cannot be doubted that the legislature intended the proceedings in garnishment to be tried on the law side of the court. Could implication of this be made stronger than by the direction to consider the action as trover, or assumpsit for money had and received? But the argument is pressed on us that the garnishment proceedings are expressly provided for in all cases where there remains any sum unpaid upon any "judgment or decree," and that the two terms are purposely used in this juxtaposition, to insure a strict technical construction of their meaning, by which the one includes all determinations of a court of law, and the other those of a court of equity. It may be so, but it does not necessarily follow that the proceeding in garnishment is to be conducted in the same forum where the decree is rendered. There is nothing in the statute to prevent the proceeding in garnishment to collect an amount due on a decree in equity from being instituted and tried on the law side of the court.

But whether the writ of garnishment can issue under the statute from a Michigan court of equity or not, it is very certain that no such writ can issue from the equity side of the federal court. Section 913 of the Revised Statutes of the United States is as follows:

"The forms of mesne process and the forms and modes of proceeding in suits of equity and of admiralty and maritime jurisdiction in the circuit and district courts shall be according to the principles, rules and usages which belong to courts of equity and of admiralty, respectively, except when it is otherwise provided by statute or by rules of court made in pursuance thereof; but the same shall be subject to alteration and addition by the said courts, respectively, and to regulation by the supreme court, by rules prescribed from time to time, to any circuit or district court, not inconsistent with the laws of the United States."

Rule 8 of the general equity rules adopted by the supreme court of the United States under the foregoing section provides that:

"Final process to execute any decree may, if the decree be solely for the payment of money, be by writ of execution in the form used in the circuit court in suits at common law in actions of assumpsit."

Section 914 of the Revised Statutes of the United States is as follows:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings and forms

and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding."

Common-law rule No. 40 of the circuit court of the United States for the Eastern district of Michigan provides that writs of execution and proceedings thereunder shall be in conformity with the laws of Michigan, and that "the parties to such execution shall be entitled to the same rights and privileges given to them by virtue of the laws and practice aforesaid."

The argument is that, as the owner of a judgment in assumpsit could, under the foregoing section and rule, have the aid of garnishment proceedings to collect his judgment in the circuit court of the United States in Michigan, equity rule 8 gives him the same remedy to enforce the decree on the equity side of the court. Such a construction of equity rule 8 is not warranted. The constitution of the United States requires that the distinction between common-law and equity procedure shall be maintained, and the two jurisdictions cannot be confused and mixed either by a state statute or rules of the federal court. A proceeding in garnishment under the Michigan statute is a common-law suit. It is true, it is merely an ancillary action, but its procedure is all according to the course of the common law. The verdict of the jury is not merely advisory, as where the aid of a jury is sought by the chancellor in equity, but it has all the force and effect of a verdict at common law, and, if garnishment proceedings are begun in the federal court, the same effect must be given to the verdict as required by the statute in the state court. A state statute cannot confer on a federal court of equity jurisdiction in trover or assumpsit, whether those actions are merely ancillary and auxiliary or are independent suits. No authority has been cited to sustain a contrary view, while the supreme court of the United States has often had occasion to lay down the principle we have above stated. Hurt v. Hollingworth, 100 U. S. 100–103; Bennett v. Butterworth, 11 How. 669; Thompson v. Railroad Co., 6 Wall. 134; Bronson v. Schulten, 104 U. S. 410; Comstock v. Herron, 5 C. C. A. 266, 274, 275, 55 Fed. 803. There is nothing in Clark v. Smith, 13 Pet. 195, Fitch v. Creighton, 24 How. 159, or Broderick's Will, 21 Wall. 520 (cited for relator), which conflicts with the principle that federal courts of equity cannot hear and determine suits to be tried according to the course of the common law. In Clark v. Smith, supra, it was held that, the legislature of Kentucky having created a right by determining what should be a legal title and what should be a cloud upon it, and having at the same time provided a remedy substantially consistent with the ordinary modes of proceeding on the chancery side of the federal courts, such a right would be recognized and such a remedy enforced in federal courts of equity. And this is as far as any decision has ever gone. An enlargement of equity jurisdiction by state statutes to try issues between suitors according to the course of the common law is impossible in federal jurisprudence.

It is pressed upon us that, if this remedy by garnishment is not available to the petitioner, he is without any. If this were true, it

would not authorize the assumption by the court below of a jurisdiction not conferred by law. But we see no reason why it was not open to the petitioner to obtain relief by supplemental bill in the nature of a creditors' bill. The petition for mandamus is dismissed, at the costs of the plaintiff.