McDONALD *v.* ALANSON MANUFACTURING CO.

Garnishment—When Writ May Issue.

> A suit is commenced when the declaration is filed, within the meaning of 3 How. Stat. § 8058, authorizing the issuance of a writ of garnishment "at the time of or after the commencement of suit."

Error to Emmet; Adams, J. Submitted October 11, 1895. Decided October 22, 1895.

Garnishment proceedings by Patrick McDonald and another against the Alanson Manufacturing Company, as garnishee of George Sinclair. From a judgment for plaintiffs, the garnishee defendant brings error. Affirmed.

*A. Plummer* and *George S. Clapp,* for appellant.

*Wade B. Smith (T. J. O'Brien* and *James H. Campbell,* of counsel), for appellees.

McGrath, C. J. The declaration herein was filed April 13, 1894. A writ of garnishment was issued on the same day, and served April 14, 1894. Plaintiffs afterwards filed an affidavit of service of the declaration upon the principal defendant, in Ohio, under 2 How. Stat. § 8087. Defaults were subsequently entered, and judgments

taken. On September 12, 1894, the principal defendant appeared specially, and moved to set aside the judgment against him, and at the same time parties claiming under an alleged assignment from Sinclair moved to set aside the judgment against the garnishee defendant, and that the assignees be allowed to intervene. Both motions were, on October 16, 1894, granted. Pending these motions, and on September 28, 1894, personal service upon Sinclair was obtained, his default for want of appearance was taken, made absolute, and judgment had. Subsequently, judgment was had against the garnishee, who appeals.

It is contended that no suit had been commenced, under 3 How. Stat. § 8058, when the writ of garnishment issued. The language, " at the time of or after the commencement of suit," was clearly intended to refer to the filing of the declaration, or other act entitling plaintiff to process. The recitation in the garnishee summons of the commencement of suit is predicated upon what appears, and not upon the delivery of the writ in the principal suit to the sheriff, or its service. Such is the practical construction which has been given to this act ever since its adoption.

The other questions in the case are ruled by *Axtell* v. *Gibbs,* 52 Mich. 639.

The judgment is affirmed.

The other Justices concurred.