COE *v.* HINKLEY.[1]

1. DEBTOR AND CREDITOR—DEFENSES—SUIT BY ASSIGNEE.

That the assignment was gratuitous is no defense to an action against a debtor by an assignee of the claim sued upon.

2. GARNISHMENT—JURISDICTION—SERVICE.

Service upon the principal defendant after the time within which, under 2 How. Stat. § 8087, jurisdiction of a non-resident principal defendant must be acquired to support garnishment proceedings, in an action commenced by the filing of a declaration and entry of rule to plead, will support a judgment subsequently entered against the garnishee, where he did not avail himself of his right to a discharge. *Iron Cliffs Co.* v. *Lahais*, 52 Mich. 394, distinguished.

3. SAME—RULE TO PLEAD.

A rule to plead in the principal cause may be entered *nunc pro tunc* as of the time of filing the declaration, under 2 How. Stat. § 7635, in order to support a judgment against a garnishee, where a copy of the rule to plead served was indorsed on the copy of the declaration returned.

4. SAME—PARTIES—CONCLUSIVENESS OF JUDGMENT.

Where the assignee of a claim intervenes in garnishment proceedings brought by a creditor of his assignor against a guarantor of the claim assigned, and a valid judgment is rendered against the guarantor, from which no appeal is taken by the intervener, the amount of such judgment must be credited to the debtor in reduction of the claim.

---

[1] Rehearing was denied December 9, 1896, but motion to modify judgment was granted, and judgment was thereupon entered in favor of plaintiffs for the amount recovered below, less the Mc-Donald & Carroll judgment.

5. PLEADING—TRIAL—NOTICE OF SPECIAL DEFENSE—AMENDMENT.
    A notice under a plea of the general issue of the pendency
    of a prior suit may be amended so as to allege the recovery
    of a judgment in such suit, and to claim it as a set-off against
    the claim of the plaintiff in the case at bar.

6. GARNISHMENT—SUFFICIENCY OF AFFIDAVIT.
    An affidavit for a writ of garnishment which, while averring
    an action arising upon contract, does not show whether the
    contract is express or implied, and fails to aver an indebted-
    ness upon such contract, is fatally defective. *Weimeister* v.
    *Manville,* 44 Mich. 408, followed.

Error to Berrien; Coolidge, J.  Submitted April 28,
1896.  Decided June 30, 1896.

*Assumpsit* by Henry H. Coe and Frederick Wilkes
against Myron Hinkley upon an assignment of an ac-
count for the purchase price of corporate stock.  From a
judgment for plaintiffs, defendant brings error.  Reversed.

*George W. Bridgman* and *Howell & Carr (A. Plum-
mer,* of counsel), for appellant.

*Taggart, Knappen & Denison,* for appellees.

HOOKER, J.  Hinkley and Sinclair were stockholders
in the Alanson Manufacturing Company.  They made a
written contract, dated October 30, 1893, whereby Sin-
clair agreed to sell and Hinkley to buy 243 shares of
stock in said company for the sum of $2,400, payment to
be made in installments, to be guaranteed in writing upon
the contract by the Alanson Manufacturing Company,
which guaranty was duly indorsed of the same date.
The amount remaining unpaid and in controversy is
$725, less two small orders, given by Sinclair upon the
Alanson Manufacturing Company and paid by it,
amounting to $78.  On April 11, 1894, Sinclair made a
contract in writing with Coe & Wilkes, of Painesville,
Ohio, by which they agreed to manufacture and deliver

109 MICH.—39.

to him at their shop, on or as near as possible to May 15th then next ensuing, one veneer machine, for which Sinclair agreed to pay them $640, as follows: $200 May 1, 1894, $200 September 1, 1894, and $240 December 1, 1894, with interest from date of delivery of the machine. The contract recited that collateral security had that day been made by the assignment of the contract between Sinclair and Hinkley. Upon the same date, *i. e.*, April 11, 1894, the contract between Sinclair and Hinkley was assigned to Coe & Wilkes, by a writing signed by Sinclair, the same appearing upon the back of the copy of the contract held by him, viz.:

"PAINESVILLE, O., April 11, 1894.
" I hereby assign over my interest in above contract, to the amount of $640 and interest, payable as due 1st May, 1st Sept., and 1st Dec., 1894, and agree that Myron Hinkley shall pay over to Coe & Wilkes the full amounts as they become due. This is given as collateral security for notes given in payment of a veneer machine.
" GEO. SINCLAIR."

There was evidence showing that upon the same day, *i. e.*, April 11, 1894, Sinclair wrote and mailed the following letter to Hinkley, viz.:

" PAINESVILLE, OHIO, April 11, 1894.
" MR. MYRON HINKLEY,
" Benton Harbor, Mich.
" *Dear Sir:* I have this day assigned to Coe & Wilkes all my interest in my contract with you, and request that you pay over to them the amounts as they become due, and their receipt for the same will be the full release to you. Coe & Wilkes have your contract in their possession, and will indorse payments on the same as made.
" Yours respectfully,
" GEO. SINCLAIR."

Upon the back of a copy of the Coe & Wilkes contract, under date of August 6, 1894, was an assignment of the same by Sinclair to one Phillips as collateral security for two notes, amounting to $300, given by Sinclair to Phil-

lips about June, 1892; the contract to be reassigned if the notes should be paid at maturity, but, if not, the "assignment was to be complete, transferring the entire title to said Phillips." When these notes would mature did not appear, nor is it shown whether or not they were paid.

On April 13, 1894, McDonald & Carroll, a business firm of Grand Rapids, commenced an action of *assumpsit* against Sinclair, by declaration, in the Emmet county circuit court, and on the same day instituted garnishee proceedings against the Alanson Manufacturing Company as a debtor of Sinclair, the affidavit alleging that Sinclair was a resident of the State of Ohio. Similar actions were begun against the same parties, on the part of one Jay Ferris, in the same court, on June 6, 1894. Judgments were taken against the garnishee in both cases, and in the former such judgment was affirmed by this court. *McDonald* v. *Manufacturing Co.*, 107 Mich. 10. In the case of McDonald, Coe & Wilkes were permitted to intervene in said cause, as claimants of the fund, by an order made upon their motion previous to final judgment. The evidence shows that the veneer machine has never been delivered by Coe & Wilkes to Sinclair, who testified that they owed him such machine; but the record is silent as to the reasons for such nondelivery, and there is no evidence tending to show that it was called for or that they refused to deliver said machine.

The action now before us is *assumpsit*, brought by Coe & Wilkes upon the contract between Sinclair and Hinkley, assigned to them, and the questions before us are:

1. Whether their right of recovery is affected by the failure to show a performance of their contract with Sinclair.

2. Whether the garnishee judgments constitute a defense to the action.

The defendant, Hinkley, cannot question the consideration for the assignment from Sinclair to Coe & Wilkes, which on its face gave to them the authority to receive payments as they fell due. Hinkley could not be heard

to object if the assignment was gratuitous, and defendant cannot deny the right of the assignee to collect, by suit or otherwise, on that ground. *Briscoe* v. *Eckley*, 35 Mich. 114; *Seligman* v. *Ten Eyck's Estate*, 49 Mich. 107.

McDonald & Carroll and Ferris were creditors of Sinclair. They planted their garnishee suits, not against Hinkley, the primary debtor of Sinclair, but against the company, which had, in effect, guaranteed the payment of the purchase price of the stock. Had Coe & Wilkes received payment from the guarantor, it would have been a payment for the benefit of Hinkley,—one which Hinkley might set up and maintain against them. He may do the same in this instance, if the garnishee proceedings can be held binding upon Coe & Wilkes. At the time the writ of garnishment in the *McDonald Case* was issued and served, nothing was due upon the Hinkley contract, and the liability was, upon the face of the papers, a contingent one, though it was claimed, and some testimony was offered tending to show, that the company was the actual purchaser of the stock, the contract being made for its benefit. The defendant was secretary and manager of the Alanson Manufacturing Company, and he made and filed the disclosure, in which he unqualifiedly stated that said company was indebted to Sinclair in the sum of $725, due as follows, viz.: $225 on or before May 1, 1894, $200 on or before September 1, 1894, and $300 on or before December 1, 1894. The disclosure further says that, of this sum of $725, none was due at the time the writ was served, and it was also subject to orders for $78, given by Sinclair upon the manufacturing company, of which it had notice. It also stated that, after the service of the writ of garnishment, it received the letter from Sinclair, alluded to, notifying it of the assignment to Coe & Wilkes.

The record shows no entry of a rule to plead in the principal cause, and the service of the declaration and notice of the rule to plead was made on September 28th. The disclosure upon which judgment was taken was

made June 18, 1894, by Hinkley, and filed July 6, 1894. The affidavit for garnishment in that cause alleges that Sinclair was a resident of the State of Ohio, and under 2 How. Stat. § 8087, jurisdiction might have been acquired by delivering a copy, etc., to the defendant, and by proof of the fact by affidavit duly filed. The record contains a paper purporting to be an affidavit of such service, sworn to before "B. F. Crofoot, clerk of courts, Lake county, Ohio," with the word "Seal" affixed. No authentication of any kind was attached, and on motion of Sinclair, who appeared specially for the purpose, the judgment which had been rendered against him was vacated and set aside on October 16th. Subsequently a new default was entered, based upon the service of September 28th, and judgment on default absolute followed. The failure of the plaintiffs to obtain jurisdiction of the principal defendant within the statutory period, he being a nonresident, might have entitled the garnishee to a discharge, under *Noble* v. *Bourke*, 44 Mich. 194, and *Axtell* v. *Gibbs*, 52 Mich. 641; but it did not avail itself of the opportunity, and permitted judgment to be taken later upon its disclosure made in July, and which, under the case of *Iron Cliffs Co.* v. *Lahais*, 52 Mich. 394, was of no force, notwithstanding the subsequent service upon the defendant, unless we are to distinguish that case upon the ground that it was commenced against the principal defendant by attachment, which was not properly served, and therefore the proceedings were void, and carried the garnishee proceeding down with it, while in this case a declaration was filed and ultimately served, and therefore supported the garnishee proceedings, inasmuch as they had not been previously dismissed. We think this a proper distinction to make. The case of *McDonald* v. *Manufacturing Co.*, 107 Mich. 10, determines that the filing of the declaration, and presumably the entry of rule to plead, supported the writ of garnishment, though issued and served before service of the declaration upon

the principal defendant. The court then had jurisdiction of the garnishee defendant, subject to the necessity of its acquiring jurisdiction of the principal defendant.

We do not overlook the fact that the record is said to contain no evidence that the rule to plead was entered when the declaration was filed. The original record shows that a copy of the rule to plead served was indorsed on the copy of the declaration returned. If, as a fact, the rule to plead was not entered, it might be entered *nunc pro tunc*, under 2 How. Stat. § 7635. *Howe* v. *Maltz*, 35 Mich. 500; *Granger* v. *Judge of Superior Court*, 44 Mich. 385; *Steere* v. *Vanderberg*, 67 Mich. 536; *Barber* v. *Smith*, 41 Mich. 138; *Emerson* v. *Spring Co.*, 100 Mich. 131.

The plaintiffs saw fit to intervene in the garnishee case, and, after obtaining a vacation of the judgment, though not a dismissal of the proceedings, which they asked, they paid no further attention to the matter, which proceeded to another judgment, from which they took no appeal, and the judgment was affirmed. Various reasons are mentioned for claiming that judgment to have been erroneous, but, in our opinion, these questions relate to irregularities, and cannot be reviewed here; the judgment being final and conclusive upon the plaintiffs, who were before the court, unless void for want of jurisdiction. If that judgment was binding upon the Alanson Manufacturing Company and these plaintiffs, it should be credited to Hinkley, as much as though the same had been paid, without suit, by the guarantor to these plaintiffs.

A question is raised upon the pleadings. At the time the plea was filed in this cause, the garnishee case had not gone to judgment. The defendant pleaded the general issue, with a notice of a prior suit pending. Before trial, however, the judgment was taken, and the notice was amended, so as to allege the same, and claim it as a set-off to the claim of the plaintiffs. The amended notice raised a new issue upon the merits, and, if the facts al-

leged were proved, they were a bar to the action to the amount of the judgment. See Cir. Ct. Rule No. 106; *Burt* v. *Wayne Circuit Judges*, 90 Mich. 522.

We are of the opinion that the circuit judge erred in excluding testimony relating to the McDonald & Carroll judgment. The Ferris judgment stands upon a different footing. It seems to have been fatally defective under the case of *Weimeister* v. *Manville*, 44 Mich. 408. The court did not err in excluding this evidence.

For the error mentioned, the judgment is reversed, and a new trial ordered.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.