FOSTER *v.* KENT CIRCUIT JUDGE.

1. GARNISHMENT—STATUTORY RIGHTS—CHANCERY ORDER.

An order of the chancery court permitting the complainant in a suit pending therein to commence an action at law for the same cause of action, and to sue out a writ of garnishment in aid thereof, but restraining all proceedings in the law court, after service of process, until the further order of the court, is unauthorized, as tying up the defendant's funds without giving him the rights conferred by the garnishee statutes.

2. SAME—APPEARANCE—ESTOPPEL.

Defendant's appearance in the suit at law will not estop him from contesting the validity of such order.

*Mandamus* by John J. Foster and Henry N. Anderson to compel William E. Grove, circuit judge of Kent county, to vacate an order permitting the complainants in a suit in chancery wherein relators are defendants to institute certain proceedings upon the law side of the court. Submitted February 1, 1898.   Writ granted March 15, 1898.

*Fitz Gerald & Barry* ( *Francis A. Stace*, of counsel ), for relators.

*Crane, Norris & Stevens*, for respondent.

MOORE, J.   In 1896, Delos A. Blodgett and Delos F. Diggins filed a bill for an accounting in the circuit court in chancery, in Kent county, against the relators, to which bill the relators demurred, and a little later commenced a suit in the Montcalm circuit court upon the same causes of action set forth in the bill of complaint in the chancery proceedings.   This action at law was enjoined by the circuit judge in chancery, upon the petition of the complainants, after which a hearing was had upon the

demurrer filed in the chancery case, and the demurrer was overruled. It was the claim of the defendants in the chancery proceeding that the matters therein sought to be litigated should be litigated in a court of law, and not in chancery. An appeal was taken to the Supreme Court, and the judgment of the court below in overruling the demurrer was sustained. A reference to the case as reported in 114 Mich. 688 (*Blodgett* v. *Foster*), makes it unnecessary to make a further statement here of what was involved in that proceeding. In December, 1897, upon the petition of the complainants, an order was made in the chancery case allowing the complainants to commence an action at law in the circuit court for the county of Kent, against the defendants, for the same causes of action embraced in the chancery case, and also authorizing them to proceed by writ of garnishment against the Kent County Savings Bank, and ordering that, after the service of said writ of garnishment, the complainants and defendants should proceed no further in said action at law and said writ of garnishment until the further order of the court. The court was asked to vacate this order, which it declined to do. This is a proceeding to compel said order to be vacated.

A great many questions are raised and argued in the long and able briefs of counsel, which, in our view of the case, need not be discussed here. Garnishment proceedings are statutory. In *Kennedy* v. *McLellan*, 76 Mich. 598, it was said: "It has been held so many times in this State that garnishee proceedings must follow the statutes strictly, and cannot be extended beyond the plain letter of them, that it is unnecessary to cite the numerous decisions so holding." See *Iron Cliffs Co.* v. *Lahais*, 52 Mich. 394; *Weimeister* v. *Manville*, 44 Mich. 408; *Ford* v. *Detroit Dry-Dock Co.*, 50 Mich. 358. It is important, then, to refer to the statutes in relation to garnishments. 3 How. Stat. § 8058, provides when the writ may issue, and that the garnishee defendant shall make a disclosure in not less than 14 days. 2 How. Stat. § 8063, provides

for enlarging the time in which to make a disclosure, but does not allow it to be enlarged, except by assent, beyond the day previous to the first day of the term at which the suit against the principal debtor may be properly returned noticed for trial.    Other sections of the statute provide in detail for the method in which the proceeding is to be conducted.    Section 8100 provides that a failure to recover judgment against the principal defendant shall be deemed a discontinuance of the garnishment proceedings; section 8105, that the giving of a bond operates as a discontinuance of the garnishee proceedings.    Section 8106 provides that, if the principal defendant does not appear in the cause within the time fixed by the statute and rules of court, the plaintiff shall proceed to perfect his judgment as soon as he is entitled to under the rules and practice of the court; and, if he does not do so, upon motion, or in the discretion of the court, the garnishee proceedings shall be discontinued.

The practical effect of the order of the court is to tie up the funds belonging to the defendants, without giving to them the safeguards provided by the statute. Their hands are tied.    They cannot proceed in the action at law in the manner provided by the statute.    In effect, rights are conferred upon the complainants in the chancery case which would be denied to them in their capacity as plaintiffs on the law side of the court.    The property of defendants is placed beyond their control, and the provisions of the statute are stayed until the further order of the court.    This was unauthorized.

The suit at law was commenced by summons, and a general appearance was entered by defendants before they had knowledge of the order made in the chancery cause.    As soon as they learned of the order in the chancery proceeding, they moved to vacate it.    It is now said that, having appeared in the case, they cannot make this motion.    We do not see how the entry of the appearance of the defendants in the law case will justify the

making of an order not authorized by the statute. The order made in the chancery case should be vacated.

The writ will issue as prayed, except that portion of it relating to the Montcalm county suit. The injunction as to that will stand until the further order of the court.

The other Justices concurred.