### FREER *v.* HAMILTON.

JUSTICES OF THE PEACE—ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.

An affidavit for attachment in justice's court, setting up an indebtedness "on contract," is not fatally defective in not specifying whether such contract is express or implied; the statute (1 Comp. Laws, § 721) not imposing any such requirement.

Error to Kalamazoo; Adams, J. Submitted June 6, 1901. Decided July 2, 1901.

Attachment proceedings by John Freer against Edgar Hamilton. From a judgment for plaintiff, defendant brings error. Affirmed.

*Jesse R. Cropsey*, for appellant.

*Frost & Jackson*, for appellee.

MONTGOMERY, C. J.. This case originated in justice's court. The defendant removed the case to the circuit court by *certiorari*, where the judgment was affirmed. The case is brought here on error.

The case was commenced by attachment. The body of the affidavit reads as follows:

"John Freer, being duly sworn, saith that there is justly due to him, this deponent, from Edgar Hamilton, upon contract, the sum of thirty-seven and 29-100 dollars, as near as this deponent can estimate the same, over and above all legal set-offs, and that the said Edgar Hamilton, as this deponent has good reason to believe and does believe, is about to assign, dispose of, or conceal his property with intent to defraud his creditors."

The meritorious question which we are called to decide is whether, under the statute authorizing attachments in justice's court, it is necessary to specify in the affidavit for attachment whether the suit is brought on express or implied contract; that is, to distinguish between the two. In circuit-court proceedings this has been held essential, but upon the distinct ground that the statute requires it. *People* v. *Blanchard*, 61 Mich. 478 (28 N. W. 669). The justices' statute (1 Comp. Laws, § 721) provides that:

" Any plaintiff shall be entitled to an attachment against a defendant in any action founded on a judgment or on a contract, express or implied, if such plaintiff, or some person in his behalf, shall make and file with the justice an affidavit specifying, as near as may be, the amount due to the plaintiff, and containing a further statement," etc.

It will be noticed that, in stating what the affidavit shall specify, there is no requirement that the nature of the demand shall be stated. That this omission is to be deemed significant, see discussion of the court in *Weimeister* v. *Manville*, 44 Mich. 408 (6 N. W. 859).

It is urged that the affidavit should show that the justice

had jurisdiction, in addition to stating what is required by the terms of the statute. The answer is that this affidavit complies with this requirement, as it shows the action to be based on contract, which must be either express or implied.

The other questions discussed are without merit.

The judgment is affirmed.

The other Justices concurred.