DETROIT FIDELITY & SURETY CO. *v.* BUSHMAN.

1. Garnishment—Must be on Law Side.

Garnishment proceeding must be on law side of court regardless of whether principal defendant's liability has been determined by judgment at law or decree in equity (3 Comp. Laws 1929, § 14857 *et seq.*).

2. SAME—STATUTORY REMEDY.
> Being statutory, garnishment proceeding must follow strictly statutory provisions.

Appeal from Wayne; Miller (Guy A.), J. Submitted January 17, 1933. (Calendar No. 36,866.) Decided March 2, 1933.

Garnishment by Detroit Fidelity & Surety Company, a Michigan corporation, against Franklin E. Bushman, principal defendant, and First Wayne National Bank of Detroit, garnishee defendant, on a money decree in equity case. Order denying motion to quash is reviewed on appeal by garnishee defendant. Reversed.

*Friedman, Meyers & Keys* (*Sylvan Rappaport,* of counsel), for plaintiff.

*Leslie L. Alexander* and *Howell S. White* (*Orville J. Thill,* of counsel), for garnishee defendant.

NORTH, J. The sole question here presented is, in an equity case wherein there is an unsatisfied balance due on a decree for a money debt, can a writ of garnishment issue thereon from the circuit court in chancery and a statutory garnishment proceeding be successfully maintained? In a garnishment proceeding so instituted the garnishee defendant's motion to quash the proceeding was denied in the circuit court, and it has appealed.

Appellee contends that a fair and reasonable construction of the garnishment statute (3 Comp. Laws 1929, § 14857 *et seq.*) leads to the conclusion that statutory garnishment proceedings may be instituted and maintained on the chancery side of the circuit court as well as on the law side. It must be conceded that

if certain phrases contained in the garnishment statute are considered wholly apart from the other portions of the statute, an inference may be drawn which supports appellee's contention. However, we think a fair construction of the statute, considered as a whole, especially in the light of the established practice in Michigan by which the distinction between law and equity is preserved, necessitates the conclusion that garnishment is a legal remedy and not an equitable one. The proceeding is purely statutory. Section 14867 of the statute provides that an affidavit for garnishment "shall be held and considered as a *declaration* by the plaintiff against the garnishee as defendant;" that admission in a disclosure "shall have the same effect of admissions in a *plea*;" that a statutory issue "shall be deemed framed;" and "judgment may be rendered against such garnishee defendant, as upon declaration and plea;" and trial by jury of the garnishment issue may be demanded by either party. Section 14871 provides:

"If by the *verdict* (not decree), the garnishee be found liable, as such, for an amount equal to or greater than the judgment and costs against the principal defendant, *judgment* shall pass only for the latter amount; in other cases it shall pass for the amount of liability ascertained by the verdict."

From the foregoing provisions of the statute, as well as from others which we forego quoting, it quite conclusively appears that the garnishment proceeding must be on the law side of the court regardless of whether the principal defendant's liability has been determined by a judgment at law or a decree in equity.

Being statutory, garnishment proceedings must follow strictly the statutory provisions. In *Kennedy* v. *McLellan*, 76 Mich. 598, this court said:

"It has been held so many times in this State that garnishee proceedings must follow the statutes strictly, and cannot be extended beyond the plain letter of them, that it is unnecessary to cite the numerous decisions so holding." Citing several cases.

An unsuccessful attempt to circumvent the lack of statutory authority to garnishee in an equitable proceeding seems to have been made in *Foster* v. *Kent Circuit Judge,* 116 Mich. 285; and in *Toth* v. *Toth,* 242 Mich. 23 (56 A. L. R. 839), we quoted approvingly:

" 'If the garnishment proceeding is based on a prior decree, rendered in a court of chancery, it is necessary to sue over in a court of law and to issue the garnishment writ in the county where the suit at law on the decree is commenced. The writ of garnishment cannot be sued out of a court of chancery; neither can it stand alone in a court of law, as above stated; and the two courts are distinct. While garnishment, in other words, may be based on an indebtedness on decree, it cannot be based on the decree itself.' 1 Stevens' Michigan Practice, p. 144."

A Federal decision involving the Michigan garnishment statute, which decision is in accord with our holding herein, will be found in *United States, ex rel. Mudsill Mining Co.,* v. *Swan,* 13 C. C. A. 77 (65 Fed. 647). The general holding on the question here involved has been thus stated:

"A proceeding sometimes called 'equitable garnishment' has long been known to equity practice, but in the absence of clear statutory sanction garnishment, properly so-called, cannot issue out of a court of chancery." 28 C. J. p. 20.

If, as appellee urges, garnishment should be available as a means of enforcing a money decree in

equity, and this without instituting proceedings on the law side of the court, it becomes a matter of legislative concern. The courts have no right to sanction garnishment proceedings in equity in view of the provisions of our statute which necessitate the conclusion that the statutory remedy in garnishment afforded by the legislature is confined to the law side of the court.

This appeal is in the nature of mandamus. The case is remanded to the circuit court with directions to vacate the order denying appellant's motion to dismiss the writ of garnishment and that an order be entered quashing the writ and dismissing the garnishment proceeding. If necessary the appropriate writ will issue. Costs to appellant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, WIEST, and BUTZEL, JJ., concurred. FEAD, J., took no part in this decision.