JACOBSON v. COON et al. (NATIONAL BANK OF DETROIT, Garnishee).

No. 10486.

Circuit Court of Appeals, Sixth Circuit.

Jan. 26, 1948.

566

Louis Halle, of New York City (Charfoos, Gussin & Weinstin, of Detroit, Mich., on the brief), for appellant.

Ernest D. O'Brien, of Detroit, Mich. (Frederick B. Darden, of Detroit, Mich·, on the brief), for appellees.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

In an appeal from an order of the District Court quashing a writ of garnishment ancillary to a suit for damages suggested as exceeding $15,000,000, but claiming only $6,500,000, the parties stipulated to submit their controversy upon briefs. Whether decision to forego oral argument springs from supreme confidence in his case by each litigant or denotes complete lack of it, we are unable to determine, especially as we are not advised of the amount of the deposit sequestered by the writ. Upon the view that the alleged damages were not ascertainable from the bill of complaint or the contract therein set forth so as to support garnishment under Michigan law, the court entered the order to quash on that single ground. We consider, however, each of the bases for the motion pursuant to the rule that a judgment may be right if right for any reason.

The appellant counted upon a written contract wherein the appellees agreed to secure the acceptance by an established steel mill of an order for 100,000 tons of steel within ninety days from its execution, the appellant advancing $3,000 to bind the agreement. The appellees were to be paid the further sum of $397,000 as engineering fees in the event the order was placed. The appellant averred that he had advised the appellees upon their representation that they were able to obtain the steel that he was making commitments to his customers, and did, in fact, make such commitments to the full extent of 100,000 tons. He further alleged that the appellees had assured him that the orders had been placed and that delivery would be made within a few days, that while the appellees did receive deliveries in excess of 100,000 tons they diverted the steel to other of their customers from whom they had obtained better bids. As a result, the appellant claims damages because of his failure to fulfill his own commitments to the injury of his reputation and because of possible suits which his customers might bring against him for such failure.

The complaint is in two counts: the first, praying for the equitable remedies of accounting, injunction, and specific performance and suggesting possible damages exceeding $15,000,000. The second asserts a cause of action at law for breach of contract, with damages sought in the sum of $6,500,000.

■ The writ of garnishment was promptly served upon the National Bank of Detroit, where presumably the appellees had a deposit account. When five days later a hearing was had upon the appellees' motion to quash, service had not yet been made upon the principal defendants. This circumstance was advanced by the appellees as a ground for their motion. They rely upon a federal rule that where service cannot be obtained on defendants in the principal cause there is no jurisdiction for proceedings in an ancillary cause, even if state law be otherwise. Big Vein Coal Co. v. Read, 229 U.S. 31, 33 S.Ct. 694, 57 L.Ed. 1053; Davis v. Ensign-Bickford Co., 8 Cir., 139 F.2d 624. These cases, however, do not reach the question here presented, for they apply to situations where the defendants are not within the jurisdiction and may not there be served. Rule 64, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, makes available to the Federal Courts state remedies for the seizure of property at the commencement of an action and in Michigan a writ may not be quashed upon the asserted ground. Michigan Statutes Annotated, Sec. 27.1855 Comp.Laws Mich.1929, § 14857; McDonald v. Alanson Mfg· Co., 107 Mich. 10, 64 N.W. 730. The Big Vein Coal case goes no further than to hold that attachment or garnishment is but an incident to a suit, that jurisdiction cannot be acquired by means of such writs in the absence of an existing lien on property within the jurisdiction, and that the Federal Court must therefore acquire jurisdiction over the person of a defendant. The present defendants were residents of Michigan, it was not shown that they could not be served within the district and in fact they were thus served shortly after the dismissal of the writ. A Federal Court has jurisdiction commencing with the filing of the bill, so long as process is issued in due course with intent that it be served. Moore's Federal Practice, 231; Farmers' Loan & Trust Co. of New York v. Lake Street Elevated R. Co., 177 U.S. 51, 20 S·Ct. 564, 44 L.Ed. 667; Emil v. Hanley, 2 Cir., 130 F.2d 369; Bomar v. Keyes, 2 Cir., 162 F.2d 136.

■ The second ground upon which the motion to quash was based is that the statutory remedy of garnishment is in Michigan confined to the law side of the court. Detroit Fidelity & Surety Co. v. Bushman, 262 Mich. 304, 247 N.W. 190; F. H. A. v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724; United States ex rel. Mudsill Min. Co. v. Swan, 6 Cir., 65 F. 647, and that the present suit is in effect an equity proceeding. It is clear, however, under Rule 8(e) (2) that a party may state as many supporting claims or defenses as he has, regardless of consistency or whether based on legal or equitable grounds, or both. Rule 18(a) is substantially to the same effect. Rule 54(c) provides that, except as to a party against whom judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even though he has not demanded such relief. Of these rules, Judge Charles E. Clark, then Reporter for the Advisory Committee on Rules, pithily observed "All that should be expected of either party or his attorney is that he tell what he knows about the case". Kraus v. General Motors Corp., D. C.N.Y., 27 F.Supp. 537. This ground was likewise not available to the movants in support of their motion to quash.

■ The final argument for the motion, however, bears a different aspect. The claim for damages as set forth in the appellant's complaint was grounded upon his apprehension that he might be liable to third parties for damages because of the defendants' alleged breach of contract. It is not averred, however, that any damages have been suffered nor that any suit had been brought or even threatened against the appellant for such damages. His apprehension is purely speculative. In Roelofson v. Hatch, 3 Mich. 277, the Court held that a demand arising out of contract, which is capable of ascertainment by some standard, referable to the contract itself, may be a

568

foundation for a proceeding by attachment. While a plaintiff seeking the ancillary remedies of garnishment or attachment must in the principal case show that recoverable damages are ascertainable in amount, this does not mean that damages must be liquidated or every essential for computing damages must be found in the words of the contract. Showen v. J. L. Owens, 158 Mich. 321, 122 N.W. 640, 133 Am.St.Rep. 376; Talbert v. Solventol Chemical Products, Inc., 304 Mich. 557, 8 N.W.2d 637. Here, however, the only damages claimed by the plaintiff are for losses which he may never have to suffer, and neither the contract nor the complaint discloses any standard for their determination. We think the writ may not be maintained under the Michigan rule and that the court was right in dismissing it. The restraint against renewing it is still within the control of the District Court, for modification, elimination, or continuance within appropriate rules of equity procedure.

Affirmed.