### REIBER v. TRAILMOBILE CO. et al.
### No. 1028.

United States District Court
S. D. Missouri, W. D.
June 8, 1951.

432

Lincoln, Lincoln, Haseltine & Forehand, Springfield, Mo., for plaintiff.

Miller & Fairman, Springfield, Mo., for defendant Trailmobile Co.

Mann, Mann, Walter & Powell, Springfield, Mo., for defendant Danbury.

REEVES, Chief Judge.

In aid of a suit for damages filed in a state court counsel for plaintiff sued out a writ of attachment for the seizure of property belonging to a non-resident defendant. No other service was attempted upon such defendant. The case was removed, however, by another defendant who also was a non-resident. After the removal, counsel for plaintiff obtained the issuance of a summons with copy of petition and caused same to be served upon said defendant in another state.

After removal of the case the attachment was dissolved by giving a bond as pro-vided by a Missouri statute. The non-resident defendant did not generally appear, however, and limited such appearance to the mere giving of a bond to secure the release of the attached property.

The only question presented now is whether the personal service (which of course was only substituted or constructive service) should be quashed.

1. Rule 64, Federal Rules of Civil Procedure, 28 U.S.C.A. invokes the aid of state remedies and procedure where the federal rule proves inadequate. The remedies thus provided relate, among other proceedings to attachment.

Adverting to a Missouri statute: By Section 506.160, provision is made for "Service by mail or publication." Paragraph 6 of said section specifically provides that: "In any of the cases mentioned in the first paragraph of this section, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this state, and at any place within the United States or their territories summoning said defendant to appear and plead within thirty days after service upon said defendant; * * *." Reviewing paragraph 1 of said section, it is there stated: "Service by mail or by publication shall be allowed in all cases affecting a fund, will, trust estate, *specific property, or any interest therein, or any res* or status within the jurisdiction of the court, * * *." (Emphasis mine.) It will be observed, therefore, that this section supplements the federal rule so as to facilitate special and extraordinary proceeding, as in this case, and not covered by federal rules of civil procedure.

The Court of Appeals, Sixth Circuit, so interpreted said Rule 64 in Jacobson v. Coon, 165 F.2d 565, loc. cit. 567, where Judge Simons, the author of the opinion, said: "Rule 64, Federal Rules of Civil Procedure, * * * makes available to the Federal Courts state remedies for the seizure of property at the commencement of an action * * *."

2. It is interesting to note that an analagous statute appears in the United States

Code. By Section 1655 Title 28 U.S.C.A. an almost identical service may be had in any action brought in the district courts "to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State".

In such a situation the plaintiff is authorized to procure an order from the court directing the absent defendant to appear or plead by a day certain. This statute was not broad enough to cover the remedies by attachment, and accordingly the liberal provisions of Rule 64 were adopted.

It would follow that the motion to quash service should be overruled.