Drew *v.* Dequindre.

## DREW, RECEIVER, &c. OF BRISTOL *v.* DEQUINDRE.

An attachment against a non-resident debtor, under R. S. 1838, p. 506, ch. 1, issued upon the filing of an affidavit sworn to on a day previous, is void; but will not be quashed on motion if the plaintiff file a new affidavit under S. L. 1839, p. 228, § 36.

An affidavit for an attachment, under R. S. 1838, p. 506, ch. 1, § 1, stated that the indebtedness sworn to was upon an *express* contract, without stating more particularly the nature of the contract: *Held,* sufficient.

To an attachment under R. S. 1838, p. 506, ch. 1, the sheriff returned that he had seized certain lands described therein, *in which the defendant had an interest as one of the heirs of A. D.* but did not state the extent of the interest; and it appeared that the lands were appraised without reference to it: *Held,* sufficient.

Where, in addition to what is required by the statute, (R. S. 1838, p. 506, § 6,) it was erroneously stated in the notice of the pendency of a suit in attachment, that the writ was returnable in November *next,* instead of *instant,* it was *held,* that this did not vitiate the proceedings.

Attachment under R. S. 1838, p. 506, ch. 1, at the suit of J. D. *Receiver, &c.* The journal entries of the calling and default of the defendant at the first and second terms after the return of the writ, omitted to state the special character in which the plaintiff sued. *Held,* no ground for quashing the proceedings; but that the circuit court would have power to permit such omission to be supplied by amendment, if, in fact, the defendant was properly called.

The statute of amendments, (R. S. 1838, p. 461, § 20,) applies to proceedings by attachment under R. S. 1838, p. 506, ch. 1.

CASE reserved from Wayne Circuit Court. This suit was commenced by attachment under R. S. 1838, p. 506, ch. 1, issued June 12, 1843, and returnable at the following November term of the circuit court. The writ was duly returned served; and, at the third term thereafter, the defendant appeared and moved that the same be quashed, and that all the proceedings in the cause be set aside, for sundry alleged irregularities which sufficiently appear in the opinion of the court.

*C. O'Flynn,* in support of the motion.

*A. Davidson,* contra.

WHIPPLE, J. delivered the opinion of the Court.

The various grounds in support of the motion will be considered in the order in which they were submitted by counsel.

1. The affidavit in the present case states, among other things, that the defendant " does not reside in this state, and has not resided therein for three months immediately preceding the date of this affidavit;" and appears to have been sworn to June 10, 1843. The writ was issued on the 12th of June, the day on which it was filed with the clerk. It is contended, that, as the affidavit does not follow the statute, (R. S. 1838, p. 506, §§ 1, 2,) and as one day intervened between the making of the affidavit, and the application for the attachment, the same should be quashed. As the remedy by attachment is regulated by statute, and is unknown to the common law, great strictness is required. Any substantial deviation from the statute would be fatal to the proceeding. The affidavit does not conform to the statute in all respects : it states that the defendant has not resided in the state for three months immediately preceding *the date of the affidavit,* while the statute requires that it should be stated, that he has not resided in the state for three months immediately preceding *the time of making application for the attachment.* The statute would seem to contemplate that the *application* should be made, by filing with the clerk a precipe for the attachment, and the affidavit; and we think the affidavit should be sworn to on the day the application is made for the writ, for the reason that the defendant might become a resident of the state between the time when the affidavit is sworn to, and the application for the attachment. The affidavit is, therefore, defective in this respect; and this defect might prove fatal to the proceedings, but for the provision of § 36, S. L. 1839, p. 228, which declares, that " no writ (of attach-

ment) shall be quashed on account of any defect in the affidavit on which the same was issued : *Provided,* that the plaintiff, his agent or attorney shall, whenever objection may be made, file such affidavit as is required by law." If the plaintiff, then, can now make the affidavit which the law requires, the writ will not be quashed.

2. It is further objected that the affidavit does not state the nature of the *express* contract to which it refers, or the names of the parties thereto. The affidavit states "that the defendant is justly indebted to the plaintiff, as receiver of the property and effects, and choses in action of Charles L. Bristol, in the sum of $765, according to the belief of the plaintiff, and that the same is due upon a contract *express*." The statute seems to have been literally followed ; and, we think, enough was stated in this respect to warrant the issuing of the writ. We are not aware that the practice under this statute makes it necessary to state, not only that the sum sworn to by the plaintiff is due upon contract express or implied, but also to state the *nature* of the contract. On the contrary, it is believed that the practical construction of the statute has been, to consider the affidavit as sufficient, when it states that the sum claimed by the plaintiff, is founded upon a contract either express or implied.

3. Objection is also made to the sufficiency of the return to the attachment. The sheriff states therein that he attached the lands, &c. mentioned and described in the inventory and appraisement, &c. " and, *in which lands the defendant has an interest as one of the heirs of the late Antoine Dequindre,*" &c. It was urged that the return should have shown the extent of the interest of the defendant in those lands, in order that an appraisement might be made. As the attachment was against the defendant alone, it could only operate upon his interest in the lands; other persons interested therein could not be prejudiced. It

would seem that all lands in which the defendant was interested were appraised without reference to the particular interest of the defendant therein.   It was insisted that it was the duty of the sheriff to ascertain the extent of the defendant's interest, and that an appraisement of that interest alone should have been made.   We think questions of so delicate and complicated a nature as might arise in such an investigation, could be better settled by the court, than by the sheriff.   No injury can possibly result from an appraisement of all the lands in which the defendant may be interested.   Upon a proper application to the court the extent of the defendant's interest in the property can be determined, and, by a simple process, the value of that interest ascertained.   The interest of the defendant, and the other heirs in the lands attached, is estimated in gross at $6,305, and it was asked in what amount a bond should be given, provided the defendant desired to release the property from the attachment.   To this it may be answered, that the penalty of the bond to be given in such cases, is not determined by the appraised value of the property attached, but by the amount claimed by the plaintiff to be due.

4. The next objection to be considered relates to the publication of the notice required by law.   Section 6 of the chapter above referred to, makes it the duty of the clerk, upon the return of the writ, to make out an advertisement, stating the names of the parties, the time when, from what court, and for what sum, the writ was issued. This notice is to be delivered to the plaintiff or his attorney on demand, who shall cause the same, within thirty days, to be inserted in some newspaper printed in this state, &c. for six weeks successively.   The notice actually published contained all the statute requires, and is dated the 23d November, 1843.   But it also states that the writ was " returnable on the second Tuesday after

the first Monday in November *next*. It was urged by counsel that, according to the notice, the attachment was made returnable at the November term, 1844, of the circuit court of Wayne county, and that, for this reason, the motion should be granted. The use of the word *next*, instead of *instant*, was a clerical mistake, for which the plaintiff is not responsible, and should not suffer. Besides, the notice would be perfect by striking out the words "returnable," &c. The defendant could not be misled by such a mistake; for the notice states that the attachment was issued on the 12th June, 1843, and, by our statute, it would necessarily be made returnable on the first day of the next succeeding term of the court, which would be on the second Tuesday after the first Monday of November next ensuing.

5. The last objection is, that the defendant was not called and defaulted as the statute requires. Section 12, of the chapter above cited, provides that, "the defendant in attachment shall be called at the first, and two next terms after the issuing of the writ of attachment, and, if he make default, the same shall be entered of record." The affidavit, writ, notice of publication, and declaration, all show that the plaintiff sued in a special character; to wit, as "Receiver of the property and effects and choses in action of Charles L. Bristol," and the proceedings throughout should also exhibit that fact. From an examination of the journal, which contains minutes of the daily proceedings of the court, it would seem that at the first and second terms the entries in the journal were as follows: "John Drew *v*. Antoine Dequindre, Jr." "The defendant being three times called," &c. At the third term the entry is in this form: "John Drew, Receiver, &c. *v*. Antoine Dequindre, Jr." "The defendant," &c. It is certain that if the defendant was actually called to answer the plaintiff generally, and not in the special character in

which he sues, the proceedings must be quashed. But the defendant may have been called to respond to the plaintiff in that character; if so, the omission of the clerk to entitle the cause so as to correspond with the affidavit, writ, &c. cannot prejudice the plaintiff. That omission can be supplied by amendment. It was suggested by counsel that our statute of amendments is inapplicable to proceedings of this character, and is confined to common law proceedings. There is nothing in the statute to warrant such an interpretation. The power given to our courts to authorize amendments is as broad as can well be imagined : " The court in which any civil action is pending, may at any time before judgment rendered therein, allow amendments, either in form or substance, of any process, pleading or proceeding, in such action, on such terms as shall be just and reasonable." R. S. 1838, p. 461, § 20.* Surely, an authority so full and ample, will authorize the court, before final judgment, and while the proceedings are yet *in fieri*, to direct an amendment intended to supply an omission of the clerk ; especially, when all the proceedings, from the affidavit to the filing of the declaration, show a perfect correspondence in respect to the parties to the suit.

*Ordered certified that the motion ought to be denied.*

* *Vide* R. S. 1846, ch. 104, § 1.