## ROELOFSON *et al. vs.* HATCH.

The defendant in an attachment suit caused his appearance to be entered. Afterwards the declaration was duly filed, to which the defendant failed to plead, and his default was entered. At the term, defendant moved to set aside the writ and declaration, on the ground that, as appeared by the declaration, the writ was issued for unliquidated damages; and the motion was granted. *Held,* that the motion was unseasonable, and its allowance irregular; that the proper course, if the defendant believed the attachment unauthorized, was to cite the plaintiff under the act of 1851, to show cause why it should not be dissolved, and that he could move the Court, only when some defect or irregularity was apparent in the writ or affidavit.

Roelofson *et al. vs.* Hatch.

The remedy by attachment is not limited by the laws of this State to cases of liquidated damages. A demand arising *ex contractu,* the amount of which is susceptible of ascertainment, by some standard referable to the contract itself, sufficiently certain to enable the plaintiff by affidavit to aver it "as near as may be," or a jury to find it, may be the foundation for the proceeding.

Error to Saginaw Circuit.

*C. I. & E. C. Walker,* for plaintiffs in error.

*J. G. Sutherland,* for defendant in error.

By the Court, MARTIN, J.

The statute of this State, in relation to proceedings by attachment, authorizes the writ to be executed upon the making and annexing thereto by the plaintiff, or some person in his behalf, an affidavit, stating, among other things, that the defendant therein is indebted to the plaintiff, and specifying, as near as may be, the amount of such indebtedness over and above all legal set-offs, and that the same is due upon contract express and implied, or upon judgment. See R. S., 514, § 2. This proceeding being a special statutory remedy, a strict compliance with its provisions is necessary to authorize a judgment under it, and a literal compliance with its pre-requisites is sufficient to confer jurisdiction. See Drew *vs.* Dequindre, 2 Doug. 95. The writ in this case was regularly issued, and the affidavit sufficient to authorize its execution. From the record it appears that personal service was made of the writ upon the defendant, who caused his appearance to be duly entered. That after the entry of the defendant's appearance, a declaration was duly filed, counting upon the breach of an express contract for freight of certain vessels, claiming damages therefor, and for demurrage, and upon the common counts in *indebitatus assumpsit* for the use of said vessels retained and kept on dunnage, and a *quantum meruit* count for like use, &c. To this declaration no plea was filed, and in proper time the defendant's default,

for want of a plea, was duly entered. At the next term of the Circuit Court for the County of Saginaw, an order was made, upon motion of the defendant's attorneys, setting aside said writ and declaration, upon the ground that such writ and declaration was issued for unliquidated damages. This motion was unseasonable, and its allowance irregular. If the defendant conceived that the attachment was unauthorized, he should, in proper time, have cited the plaintiffs to show cause why it should not be dissolved, under the provisions of the act of 1851, Sess. L., 161, and moved the Court, if any defect or irregularity appeared in the affidavit or writ. It is believed no precedent or authority can be found for setting aside a writ and declaration upon grounds like the present. This can only be done upon plea or demurrer.

Nor are we prepared to say that the declaration in this case does not disclose a cause of action which may not be enforced by this remedy of attachment. There may be cases of contracts not within this remedy, as for example a breach of promise to marry, where the damages rest so entirely in opinion, that it would be a solecism to say the amount of indebtedness could be sworn to. But, again, there are many contracts where although the damages are not liquidated in the contract, yet by well established rules of law they are capable of being ascertained definitely upon proof of the facts, and to hold, that in all this class of cases, the plaintiff is debarred of this remedy, would be to defeat, in a great measure, the purposes sought to be secured by its enactment. The plaintiff is required to swear that the defendant is indebted to him upon contract, express or implied, and to state the amount of such indebtedness, *as near as may be*, over and above all set-offs. What is an indebtedness? It is the owing of a sum of money upon a contract or agreement, and in the common understanding of mankind, it is not less an indebtedness that such sum is uncertain. The result of a contrary

doctrine would be, to hold any liability which could only be the subject of a general *indebitatus assumpsit, quantum meruit,* or *quantum valebant* count in a declaration, such an indebtedness as could not be the subject of this remedy by attachment. Without fully deciding this point, which is not necessarily raised in this case, we see no reason why a demand arising *ex contractu,* the amount of which is susceptible of ascertainment by some standard referable to the contract itself, sufficiently certain to enable the plaintiff, by affidavit, to aver it " as near as may be," or a jury to find it, may not be a foundation of a proceeding by attachment. See Fisher *vs.* Consequa, 2 Wash. C. C. R. 182; Clark's Ex'rs *vs.* Wilson, 3 Ib. 560.

In the present case the contract furnishes such standard, equally as does any contract for goods sold, or work or labor done, without express agreement as to price or compensation.

The judgment of the Court below must be reversed, with costs of this Court to the plaintiffs.