## BRYANT & DETWILER CO. *v.* PETERMAN.

1. GARNISHMENT—DISMISSAL—PLEADING—COUNTS.

In an action for damages on a contract which defendant refused to perform, where plaintiff had made an advance payment of $750, the court properly refused to dismiss a suit in garnishment on the ground that the damages under the special count were uncertain, speculative, and unliquidated, since if plaintiff should take the position that it had paid defendant for a privilege which was subsequently denied it, and that the consideration had failed, it would be entitled to recover the $750, with interest, under the common counts without the aid of the special count.

2. SAME—CLAIM OF PLAINTIFF—FAILURE TO DEMAND BILL OF PAR-
TICULARS.

> Where defendant failed to demand a bill of particulars ad-
> vising him of plaintiff's claim, he cannot take the position
> that plaintiff will make no claim other than the one pre-
> sented in the special count.

Certiorari to Wayne; Goff (John H.), J. Submit-
ted April 13, 1920. (Docket No. 45.) Decided June
7, 1920.

Assumpsit by Bryant & Detwiler Company against
Joseph S. Peterman for damages caused by breach of
a contract, at the same time instituting garnishment
proceedings for moneys paid under the contract. From
an order denying a motion to dismiss the garnishment
proceedings, defendant brings certiorari. Affirmed.

*James M. Cleary*, for appellant.

*Clark, Emmons, Bryant, Klein & Brown*, for ap-
pellee.

BIRD, J. The parties to this suit entered into a con-
tract by which defendant agreed to furnish plaintiff
a dumping ground on the rear of his lot, No. 1510
Jefferson avenue, east, in the city of Detroit, for a
large quantity of earth, and plaintiff agreed to, and
did, make an advance payment of $750 for the privi-
lege. For some reason, which does not clearly appear,
defendant refused to carry out the contract, so plain-
tiff began this suit in assumpsit to recover its dam-
ages, and also began a suit in garnishment against
the Peninsular State Bank. Defendant moved to dis-
miss the suit in garnishment principally for the rea-
son that the claim made in the special count of the
declaration, for which damages were sought, was un-
certain, speculative and unliquidated. The trial court
denied the motion. The trial court rested his refusal
to dismiss the garnishment proceedings upon the

ground that the declaration included the common counts. This appeals to us as an adequate reason. As the pleadings now stand it is uncertain what the nature or extent of plaintiff's claim will be upon the trial. If it should take the position that it had paid defendant $750 for a privilege, which was subsequently denied it, and that consequently the consideration had failed, it would be entitled to recover the $750, with interest thereon, under the common counts without the aid of the special count. *Wright* v. *Dickinson,* 67 Mich. 580; *Ripley* v. *Case,* 78 Mich. 126; *Fitzpatrick* v. *Hoffman,* 104 Mich. 228; *Murphy* v. *Dalton,* 139 Mich. 79.

Other claims in assumpsit might be made, which are recoverable under the common counts. Until it is known that plaintiff's particular claim is not recoverable under the common counts the proceedings ought not to be dismissed. Had the declaration contained nothing but the common counts, it could hardly be urged that the motion should have been granted. But counsel says all the declaration shows is the claim for damages, and that no other claim is made. Had counsel demanded a bill of particulars under the common counts he would have been advised whether plaintiff made any other claim. Not having done so he is not in a position to state whether plaintiff will make any other claim than the one presented in the special count. We think the conclusion reached by the trial court was the proper one.

In view of our having reached this conclusion it will be unnecessary to consider the question, which is much argued in the briefs, whether the special count will support the garnishee proceedings.

The writ of certiorari will be dismissed, with costs to the plaintiff.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.