OLD BEN COAL CO. v. UNIVERSAL COAL CO.

1. PLEADING—DECLARATION—SUFFICIENCY.
   In considering whether declaration states cause of action, facts stated therein must be taken as true.

2. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL—LIABILITY ALTERNATIVE ONE.
   As to third party with whom agent contracts for undisclosed principal, principal and agent are not jointly liable, nor are they, in strict sense, severally liable, but the liability is an alternative one.

3. JUDGMENT—PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL.
   Where plaintiff recovered judgment in sister State in action for breach of contract, and thereafter discovered that defendant was acting for undisclosed principal, plaintiff may not treat judgment as cause of action against principal, but recovery against principal must be on original cause of action, after abandonment of right to look to agent personally, since remedy is alternative.

As to whether commencing action or taking judgment against either an undisclosed principal or his agent is bar to subsequent action against the other, see annotation in 6 L. R. A. (N. S.) 729; 21 L. R. A. (N. S.) 786.

4. PLEADING — JUDGMENT — PRINCIPAL AND AGENT — UNDISCLOSED PRINCIPAL.

Declaration against defendant as undisclosed principal, which in one count avers original cause of action, sets forth contract, its breach, and claims damages therefor, and recites that plaintiff learned of undisclosed principal after judgment was taken against agent, and that judgment remains wholly unsatisfied, and sufficiently avers relation between principal and agent, is sufficient in its averment of facts, although other counts rely on judgment against agent as cause of action against principal.

5. PRINCIPAL AND AGENT — JUDGMENT AGAINST AGENT — UNDISCLOSED PRINCIPAL — ELECTION OF REMEDY.

That plaintiff took judgment against agent before it had knowledge of undisclosed principal and of relation between them, is not election, where judgment is wholly unsatisfied.

6. CORPORATIONS — PRINCIPAL AND AGENT — UNDISCLOSED PRINCIPAL.

In determining whether in truth and fact contracting corporation was agent, tool, or instrumentality of another undisclosed corporation, court may look through forms to substance, and ignore mere colorable corporate entity to the end that rights of third persons may be protected.

7. GARNISHMENT — BREACH OF CONTRACT — ACTION EX CONTRACTU.

Action in assumpsit claiming damages for breach of contract is action *ex contractu* within meaning of 3 Comp. Laws 1915, § 13122, providing for garnishment in courts of record, which permits garnishment in personal actions ''arising upon contract.''

8. SAME — SUFFICIENCY OF AFFIDAVIT AS TO AMOUNT OF INDEBTEDNESS.

In action for damages for breach of contract for sale of coal, where damages may be computed definitely by standard referable to contract, viz., price of ton of coal, garnishment is permissible under 3 Comp. Laws 1915, § 13122, providing that in affidavit for garnishment indebtedness must be stated ''in a given amount.''

9. SAME — REMEDY SHOULD NOT BE DENIED IF STATUTORY REQUIREMENTS MET.

Although garnishment is harsh, statutory remedy, which may not be enlarged by construction, it should not be cut down by construction, and remedy should not be denied in case within statutory requirements.

Error to Wayne; Keidan (Harry B.), J. Submitted October 8, 1929. (Docket No. 15, Calendar No. 34,299.) Decided December 3, 1929.

Assumpsit by the Old Ben Coal Company, a Delaware corporation, against the Universal Coal Company, and/or under the name of Universal Coal Sales Company, and/or under the name of the Price Hill Colliery Company, West Virginia corporations, for breach of a contract to furnish coal. From orders dismissing declaration as to two last-named defendants and writs of garnishment on numerous garnishees, plaintiff brings error. Reversed and remanded.

*Butzel, Levin & Winston* (*A. J. Levin* and *Morris W. Stein*, of counsel), for plaintiff.

*Trowbridge, Lewis & Watkins* (*James K. Watkins* and *F. W. Seitz*, of counsel), for defendant Price Hill Colliery Company.

CLARK, J. Plaintiff, a Delaware corporation, commenced suit by summons against Universal Coal Company, Universal Coal Sales Company, and the Price Hill Colliery Company, all West Virginia corporations, and it caused many writs of garnishment to be issued and served. A number of disclosures were filed showing indebtedness to the Price Hill Colliery Company. The garnishment is under 3 Comp. Laws 1915, § 13150, providing for garnishment of nonresident and foreign corporations. Procedural requirements of the statute of garnishment were satisfied.

The declaration contained five counts. The two defendants last named moved to dismiss the declaration chiefly as not stating a cause of action, and

they also moved to quash the garnishment. Plaintiff asked leave to amend the declaration, which was granted. The amendment added a sixth count. The declaration as amended was dismissed, and the garnishment quashed. Plaintiff brings error.

The facts as stated in the declaration, which must be here taken as true, are, briefly: Plaintiff and defendant Universal Coal Company entered into a contract in writing by which plaintiff agreed to buy and to pay for 100 cars of coal at $1.40 per ton, and defendant promised and agreed to deliver them. After four cars had been delivered said defendant breached the contract, failing and refusing to perform further, to plaintiff's damage. On this cause of action plaintiff commenced suit against defendant Universal Coal Company in Ohio, and, in the court of common pleas of Hamilton county, Ohio, had judgment in its favor and against said defendant in the sum of $10,920 with interest from April 2, 1928, and with costs.

After the entry of judgment plaintiff learned that Universal Coal Company, in this transaction and in its business and affairs, was merely the agent, adjunct, and instrumentality of defendant the Price Hill Colliery Company, and wholly under its domination and control, a mere device of trade that the latter company might evade liability.

In each of the first five counts of the declaration the Ohio judgment is set forth and pleaded, averred to be a valid final judgment upon which there is due plaintiff the whole amount thereof, and it is averred that the defendants are "all corporations duly organized and existing under the laws of the State of West Virginia." The judgment is declared on with addition of the facts, above stated, of domination and control of the judgment debtor by the

Price Hill Colliery Company, and judgment is prayed against the Price Hill Colliery Company. The original cause of action is not pleaded. It is treated as merged in the judgment. The theory of these counts, in so far as they are briefed by counsel, is that the Universal Coal Company, with whom plaintiff dealt, was, in legal effect, a mere agent, tool, or instrumentality of the undisclosed principal, the Price Hill Colliery Company, and that as plaintiff had no knowledge of the undisclosed principal and the fact of the relation at the time it took judgment against the agent, it may still recover against the principal. The theory is good, but recovery against the principal must be on the original cause of action.

As to a third person with whom an agent has contracted, in a case such as this, for an undisclosed principal, the principal and agent are not jointly liable, nor are they, in a strict sense, severally liable. The liability is an alternative one.

It is said in 2 Mechem on Agency (2d Ed.), p. 1331:

"A contract has been made which in terms binds the agent only. Nevertheless the principal may be made liable upon it. How is he liable? Although the other party may perhaps sue both severally but simultaneously, or possibly sue both jointly, the obligation can hardly be deemed a joint one in the sense that it can ultimately be enforced against both. Neither can it be said that both are liable severally in the sense that recovery can be had partly from each. The liability is commonly said to be an alternative one. The agent can be held because he made the contract in his own name, or the principal can be held because it is in law deemed to be his contract. Which one shall be held? The answer ordinarily given is that the other party may 'elect' between them."

In Schweyer v. Jones, 152 Mich. 241, it was held, quoting syllabus:

"Where a simple contract is made by a duly authorized agent without disclosing his principal, and the other contracting party afterwards discovers that the person with whom he dealt was not the principal, he may abandon his right to look to the agent personally, and resort to the principal."

See Timmerman v. Bultman, 243 Mich. 344; 1 Freeman on Judgments (5th Ed.), p. 1033.

As plaintiff's right to recovery asserted here is alternative, depending upon the doctrine of election, plaintiff cannot stand on the judgment against the agent as valid and binding and treat such judgment as a cause of action against the principal. Suing upon the judgment it cannot bring in a new and different party and take judgment against it. 34 C. J. p. 1091; 2 Freeman on Judgments (5th Ed.), p. 2252. With respect to these counts the court was right in ordering dismissal.

The sixth count of the declaration is against the Price Hill Colliery Company as, in legal effect, the undisclosed principal of its agent Universal Coal Company with whom plaintiff dealt. It avers the original cause of action. It sets forth the contract and its breach and claims damages therefor. It recites that plaintiff learned of the undisclosed principal after the judgment had been taken against its agent, and that the judgment remains wholly unsatisfied. It avers sufficiently the relation between the defendants just above named. The count is sufficient in its averment of facts. It is also challenged as insufficient in law.

That plaintiff took judgment against the agent before it had knowledge of the undisclosed principal

and of the relation, is not an election, the judgment being wholly unsatisfied.

We quote from 21 R. C. L. p. 894:

"The generally accepted rule seems to be that when the agency has been disclosed before suit is filed a judgment obtained therein against the agent, although unsatisfied, is a bar to an action against the principal. When, however, the fact that an agency existed comes to the knowledge of the plaintiff only after he has obtained the judgment against the agent, if there has been no satisfaction therein, he may then proceed against the principal."

See 2 C. J. p. 846; 6 L. R. A. (N. S.) 729, note; 21 L. R. A. (N. S.) 791, note; *Greenburg* v. *Palmieri*, 71 N. J. Law, 83 (58 Atl. 297); *Brown* v. *Reiman*, 62 N. Y. Supp. 663.

In determining whether in truth and fact the Universal Coal Company was the agent, tool, or instrumentality of the Price Hill Colliery Company, the court may "look through forms to substance, and ignore a mere colorable corporate entity to the end that the rights of third parties shall be protected," quoting from *Spokane Merchants Assn.* v. *Clere Clothing Co.*, 84 Wash. 616 (147 Pac. 414). See *People* v. *Michigan Bell Tel. Co.*, 246 Mich. 198, and authorities there cited. The rule is applied in actions at law. See *Booth* v. *Bunce*, 33 N. Y. 139 (88 Am. Dec. 372); *Portsmouth Oil Refining Co.* v. *Fourth National Bank*, 280 Fed. 879; *Platt* v. *Bradner Co.*, 131 Wash. 573 (230 Pac. 633); *Phœnix Safety Investment Co.* v. *James*, 28 Ariz. 514 (237 Pac. 958); *Hunter* v. *Baker Motor Vehicle Co.*, 225 Fed. 1006.

The sixth count states a case.

The declaration as sustained is on contract within the meaning of 3 Comp. Laws 1915, § 13122, providing for garnishment in courts of record, which per-

mits garnishment in personal actions "arising upon contract." The declaration is in assumpsit claiming damages for breach of contract. It is an action *ex contractu,* in contract, and arising upon contract. 1 C. J. p. 1013.

The statute, as here applicable, 3 Comp. Laws 1915, § 13122, further requires that it must be stated in the affidavit that the principal defendant is justly indebted to the plaintiff "on such contract * * * in a given amount." Is the garnishment sustained by a declaration in the main case claiming damages for breach of contract? A similar question was discussed by the court in an attachment case, *Roelofson* v. *Hatch,* 3 Mich. 277, quoting:

"There may be cases of contracts not within this remedy, as for example a breach of promise to marry, where the damages rest so entirely in opinion, that it would be a solecism to say the amount of indebtedness could be sworn to. But, again, there are many contracts where, although the damages are not liquidated in the contract, yet by well established rules of law they are capable of being ascertained definitely upon proof of the facts, and to hold, that in all this class of cases, the plaintiff is debarred of this remedy, would be to defeat, in a great measure, the purposes sought to be secured by its enactment. The plaintiff is required to swear that the defendant is indebted to him upon contract, express or implied, and to state the amount of such indebtedness, *as near as may be,* over and above all set-offs. What is an indebtedness? It is the owing of a sum of money upon a contract or agreement and in the common understanding of mankind, it is not less an indebtedness that such sum is uncertain. The result of a contrary doctrine would be, to hold any liability which could only be the subject of a general *indebitatus assumpsit, quantum meruit,* or *quantum valebant* count in a declaration, such an indebted-

ness as could not be the subject of this remedy by attachment. Without fully deciding this point, which is not necessarily raised in this case, we see no reason why a demand arising *ex contractu*, the amount of which is susceptible of ascertainment by some standard referable to the contract itself, sufficiently certain to enable the plaintiff, by affidavit, to aver it 'as near as may be,' or a jury to find it, may not be a foundation of a proceeding by attachment. See *Fischer* v. *Consequa*, 2 Wash. C. C. (U. S.) 382; *Clark's Ex'rs* v. *Wilson*, 3 Wash. C. C. (U. S.) 560.''

This holding was approved in *Showen* v. *J. L. Owens Co.*, 158 Mich. 321 (133 Am. St. Rep. 376), also an attachment case, where it was said:

''We are unable to find that this question has since been presented to this court. We hold, however, that the views of the court stated *arguendo* in the *Roelofson Case* correctly state the law, and justify the ruling of the circuit court. The amount of the damages in this case, while unliquidated, is susceptible of ascertainment by a standard referable to the contract. The standard established by the contract was that specified machines sold for a specified price should be free from inherent and mechanical defects.''

The discussion quoted disposes of the matter of indebtedness on contract. Under the attachment statute, 3 Comp. Laws 1915, § 13029, the affidavit must specify ''the amount of such indebtedness as near as may be.'' In the affidavit for garnishment the indebtedness must be stated ''in a given amount.'' In determining the amount due on notes, accounts, and the like, frequently difficult problems in computation are involved. Often when damages for breach of contract are to be found the amount

may be accurately and definitely ascertained by a standard referable to the contract itself. In both instances the amount may be computed and stated definitely and "in a given amount." In cases in contract for breach of contract, where the amount of damages may be computed definitely by a standard referable to the contract and stated in a given amount, garnishment is permitted under the reasoning of the court in the cases last above cited. In the case at bar the damages are stated in a given amount in dollars and cents, they are ascertainable by the "standard referable to the contract"—the price of a ton of coal.

It is urged properly that garnishment is a harsh statutory remedy which may not be enlarged by construction. Nor should it be cut down by construction. The remedy should not be denied in case within statutory requirements.

The question is answered in the affirmative.

Reversed and remanded, with leave to defendants to plead within 15 days, and with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred. BUTZEL, J., did not sit.