ALBEE *v.* SCHMIED.

1. ACTION—EVIDENCE IN ACTION IN CONTRACT WAIVING TORT MUST
   ESTABLISH TORT.
   Where cause of action arises out of tort, the evidence must
   establish the tort, although the tort is waived and action is in
   contract.

2. ATTACHMENT—ACTION—TORT—APPLICABLE STATUTE.
   Section 13049, 3 Comp. Laws 1915, relating to affidavit for at-
   tachment, applies only to tort cases.

3. SAME—ASSUMPSIT—AFFIDAVIT FOR ATTACHMENT.
   In action for fraudulent sale of stock, where tort was waived
   under 3 Comp. Laws 1915, § 12350, and action is in contract,
   affidavit for attachment which complies with section 13029,
   3 Comp. Laws 1915, is sufficient.

Certiorari to Wayne; Miller (Guy A.), J. Sub-
mitted October 9, 1929. (Docket No. 45, Calendar
No. 34,537.) Decided April 7, 1930.

Attachment by Elmer P. Albee and others against
Louis Schmied and another. Plaintiffs review dis-
solution of the attachment, on motion of defendants,
by certiorari. Reversed and remanded.

*Albert McClatchey, W. J. Branstrom,* and *Harry
J. Weber,* for plaintiffs.

*Colby & Costello,* for defendants.

CLARK, J. One of the plaintiffs in their behalf
made an affidavit for writ of attachment in usual
form reciting that defendants are justly indebted to
plaintiffs in the sum of $250,000, etc., and that the

As to right to question validity of attachment for insufficiency of
affidavit, see annotation in 35 L. R. A. 778.

same is now due and payable on contract, also that the debt had been contracted fraudulently. The writ issued and was executed. 3 Comp. Laws 1915, § 13029. The declaration filed avers that plaintiffs in purchasing certain shares of stock from defendants had been defrauded by them in the amount named in the affidavit for attachment, and it is in assumpsit, upon waiver of tort, pursuant to 3 Comp. Laws 1915, § 12350.

On motion the attachment was dissolved. Plaintiffs bring certiorari.

The question is on the holding of the trial court that plaintiffs' failure to comply with 3 Comp. Laws 1915, § 13049 (added by the judicature act of 1915), is here fatal. We quote:

"In all actions based upon tort, if in addition to the affidavit hereinbefore required, the plaintiff shall also in such affidavit set forth in detail his cause of action, the circuit judge of the circuit in which such action is commenced, may make an order authorizing the issuance of an attachment in said cause, specifying in such order the amount or value of the property which may be attached by virtue thereof; and it shall be required in such order that the plaintiff file a sufficient bond, with a penalty fixed in said order, and with sureties to be approved by the clerk of the court, conditioned that said plaintiff prosecute said suit with diligence, and will pay any damages and costs that may be awarded to the defendant in said attachment, either in said suit, or in any action brought by said defendant for damages accruing by reason of such attachment. Except as herein otherwise provided, the proceedings under such attachment shall be the same as in other attachment cases."

The demand here, the tort having been waived, is in assumpsit, as upon promise and on contract.

*Chandler Motor Sales Co.* v. *Dertien,* 229 Mich. 630. The basis of the action, however, is the fraud, the tort. The cause of action arises out of a tort. The evidence must establish the tort although the action is in contract. 1 C. J. p. 1040.

There is force in the holding of the trial court that section 13049 relates to those actions arising out of tort in which recovery in assumpsit upon waiver of the tort is permitted, for the section requires that a plaintiff seeking attachment in an action based upon tort shall make an affidavit setting forth in detail his cause of action and this in addition to "the affidavit hereinbefore required" which latter affidavit is that required by said section 13029, in which it must be stated that the indebtedness "is due upon contract," etc. But this holding leads to difficulty. Recovery in assumpsit is permitted on waiver of tort in certain cases by statute, 3 Comp. Laws 1915, § 12350, and at common law one might waive the tort and sue in assumpsit in certain cases, as where the tort arose out of contract relations or consisted of a conversion of plaintiff's property into money. *Plefka* v. *Railway Co.,* 147 Mich. 641; 1 C. J. p. 1033. It is unlikely that the legislature intended section 13049 to govern all actions in contract arising from tort. This thought finds support in a later section of the chapter on attachment, 3 Comp. Laws 1915, § 13071, which was written in the judicature act to take the place of Comp. Laws 1897, §§ 11207 and 11208. And in Cummins and Beecher on Michigan Judicature Act (Mr. Cummins was chairman of the judicature commission), p. 24, it is said, in effect, that section 13049 provides of attachments in tort cases or tort actions. In 3 Comp. Laws 1915, § 13065, it is said "That if the action be one of tort the provisions of section 22" (quoted section 13049) "shall be complied with."

Regardless of the fact that it may be difficult if not impossible to make an affidavit in a tort action to comply with the requirements of section 13049, we think the legislature intended the section to apply only to tort cases, and that an affidavit for attachment in an action in assumpsit or in contract was to be made under section 13029. See *Showen* v. *J. L. Owens Co.,* 158 Mich. 321 (133 Am. St. Rep. 376).

The affidavit for attachment in this action in assumpsit or contract, having been made in compliance with section 13029, is sufficient.

Reversed and remanded. Costs to plaintiffs.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.