KRISTOFFY v. IWANSKI.

1. GARNISHMENT—REQUIREMENT OF STATUTE AS TO AMOUNT OF INDEBTEDNESS.

Under statute permitting garnishment (3 Comp. Laws 1929, § 14857), indebtedness must be such that it may be stated in affidavit to be due on contract and in given amount.

2. ASSUMPSIT—WAIVING TORT—SPECIAL COUNT NECESSARY.

Plaintiff to waive tort and sue in assumpsit must set up special count; common counts not being sufficient (3 Comp. Laws 1929, § 14007).

3. SAME—MAY BE UPON EXPRESS OR IMPLIED PROMISE.

Assumpsit may be upon express contract or promise, or for non-performance of oral or simple written contract, or it may be general assumpsit upon promise or contract implied by law (3 Comp. Laws 1929, § 14007).

4. ACTION—WAIVING TORT—ASSUMPSIT.

At common law promises were implied by law, and one might waive tort and sue in assumpsit in certain cases, as where tort arose out of contract relations or consisted of conversion of plaintiff's property into money.

5. SAME—WHEN PROMISE IMPLIED BY LAW.

Promise or contract is implied by law upon waiver of tort at common law and equally so upon waiver of tort by statute.

6. GARNISHMENT—DECLARATION—ACTION MUST ARISE UPON CONTRACT.

Form of assumpsit declaration is not important, respecting garnishment, but it is important that action arise upon contract.

7. ASSUMPSIT—ACTION—WAIVING FRAUD—IMPLIED CONTRACT.

Action in assumpsit waiving fraud in exchange of property is one arising upon contract implied by law (3 Comp. Laws 1929, § 14007).

8. GARNISHMENT—NOT SUPPORTED WHERE INDEBTEDNESS CANNOT BE STATED IN GIVEN AMOUNT.

Action in assumpsit waiving fraud in exchange of property does not support garnishment, where amount claimed cannot be stated on oath and in given amount within meaning of statute (3 Comp. Laws 1929, § 14857), and cannot be determined by a standard referable to contract itself, but must rest largely in opinion.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 15, 1931. (Docket No. 93, Calendar No. 35,585.) Decided June 1, 1931. Rehearing denied June 25, 1931.

Garnishment by Louis Kristoffy against Stanley Iwanski and others, principal defendants, and Peoples Wayne County Bank, garnishee defendant,

based on declaration alleging fraud and conspiracy in sale of vendor's interest in a land contract to plaintiff. Garnishment dismissed. Plaintiff appeals. Affirmed.

*Fox & Severance,* for plaintiff.

*Harry Riseman,* for defendants.

CLARK, J. From an order dismissing garnishment plaintiff has appealed. The declaration is in substance that plaintiff, because of fraud and conspiracy of defendants, was induced to part with real property of the value of $5,000, and money, $385, in the total sum of $5,385, in exchange for a vendor's interest in a land contract covering mortgaged property, and that such interest was wholly worthless and fraudulent. The declaration is in affirmance of the transaction, and in assumpsit upon waiver of the tort. The affidavit for writ of garnishment is that the indebtedness on "such contract" is the sum of $5,500, etc. The dismissal is upon the ground that the action arises in tort, not upon contract, and is for an unliquidated amount, and, therefore, will not support garnishment.

The statute, 3 Comp. Laws 1929, § 14857, so far as here important, permits garnishment in personal actions arising upon contract. The indebtedness must be such that it may be stated in the affidavit to be due on contract and in a given amount.

This action in assumpsit is upon waiver of the tort, as provided by 3 Comp. Laws 1929, § 14007. Plaintiff to waive tort and sue in assumpsit must set up special count; the common counts are not sufficient. *Billig* v. *Goodrich,* 199 Mich. 423; *Burchy* v. *Carpenter,* 181 Mich. 78.

Counsel for appellee assumes, from what was said in *Bryant & Detwiler Co.* v. *Peterman,* 210 Mich. 587, that garnishment will lie only in those cases where recovery may be had on the common counts. But that is not the holding. The court there was seeking to determine the nature of the action and concluded it was upon contract because the declaration contained the common counts.

Assumpsit may be upon an express contract or promise, or for nonperformance of an oral or simple written contract, or it may be a general assumpsit upon a promise or contract implied by law. At common law promises were implied by law, and one might waive tort and sue in assumpsit in certain cases, as where the tort arose out of contract relations or consisted of a conversion of plaintiff's property into money. *Plefka* v. *Railway,* 147 Mich. 641. The statute (said section 14007) enlarges the field of promises implied by law by giving larger right of waiver of tort.

A promise or contract is implied by law upon waiver of tort at common law and equally so upon waiver of tort by statute. The form of assumpsit declaration used is not important, respecting garnishment. It is important that the action shall arise upon contract. The action before us is one arising upon a contract implied by law.

Nearly all the indebtedness (it is urged in its entirety), here claimed, cannot be stated on oath and in a given amount within the meaning of the statute, for the value of the real property conveyed cannot be determined "by a standard referable to the contract itself," but must rest largely in opinion. *Roelofson* v. *Hatch,* 3 Mich. 277; *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich. 486; *Albee* v. *Schmied,* 250 Mich. 270; 28 C. J. p. 29.

It follows that the principal suit does not support the garnishment. 1 Stevens, Mich. Practice, p. 148. This decides the only matter presented.

Affirmed.

BUTZEL, C. J., and WIEST, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.