GORDON *v.* FRISCHKORN REAL ESTATE CO.

1. VENDOR AND PURCHASER—FORFEITURE—INJUNCTION—PRINCIPAL AND AGENT—SECRET PROFIT.

In suit to enjoin summary proceedings, for accounting, and other relief, plaintiffs' claim that defendant real estate corporation made secret profit while acting as plaintiffs' agent, and therefore forfeiture of contract by personal defendants interested in said corporation should not be allowed, *held*, not established by evidence showing that another corporation, which furnished money for purchase, was given discount.

2. PRINCIPAL AND AGENT—SECRET PROFIT—BURDEN OF PROOF.

Plaintiffs, claiming that secret profit was made by their agent in sale of property, had burden of proof.

3. APPEAL AND ERROR—QUESTIONS OF FACT—DECISION OF COURT BELOW NOT DISTURBED.

Decision of question of fact by trial judge, who had opportunity of seeing and hearing witnesses, that plaintiffs' agent made no secret profit out of sale of their property, is not disturbed, on appeal.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 20, 1932. (Docket No. 188, Calendar No. 36,285.) Decided March 2, 1932.

Bill by A. Louis Gordon and another against Frischkorn Real Estate Company, a Michigan corporation, and others to enjoin summary proceedings and for other relief. Cross-bill by defendants Frischkorn for foreclosure. Cross-bill by defendant Aldrich for rescission of a land contract. Decree of foreclosure to defendants Frischkorn. Plaintiffs appeal. Affirmed.

*Morris Garvett* and *Arthur J. Hass,* for plaintiffs.

*Renaud & Coash,* for defendants Frischkorn Real Estate Company, Frischkorn, and Wall.

*Fred H. Aldrich (Charles E. Merrill,* of counsel), *in pro. per.*

CLARK, C. J. Plaintiffs were contract purchasers from William B. Thompson of premises on Michigan avenue in Detroit. On December 22, 1927, they sent a letter to defendant Frischkorn Real Estate Company, a corporation, offering to sell the premises for $57,500, $12,000 down, remainder in monthly instalments with interest, reciting that there was then unpaid on the contract approximately $27,000, payable in monthly instalments with interest, and quoting:

"This offer is subject to your acceptance upon the payment of $1,000 as a deposit on or before 12 o'clock noon, December 24, 1927."

A commission of three per cent. was also offered.

Within the time, and on December 24th, the defendant corporation accepted the offer according to its terms. The acceptance speaks of the offer as an option. Pursuant thereto plaintiffs entered into a land contract with defendant Albert F. Wall as purchaser. He was ostensible purchaser merely. At the same time, defendant Fred H. Aldrich wanted the property and was to purchase. He lacked funds, but Frischkorn Investment Company, a corporation, not party defendant, owed Aldrich nearly $60,000 in another real estate deal, but which was not due. That Aldrich might have funds, the investment company agreed to pay him the $60,000, less a discount of $3,000, $2,500 of which Aldrich was to stand and

$500 of which was to be made up by surrender to the investment company by the agent of the Frischkorn Real Estate Company, who had brought about the sale by plaintiffs to Wall, of that much of his commission. It is undisputed that the agent did so surrender $500 of his commission. Wall assigned to Aldrich; the consideration, according to all testimony, including that of Aldrich, was $57,500, the same as in the contract from plaintiffs to Wall. The documentary evidence respecting the assignment to Aldrich is that consideration was $60,000.

The money to pay plaintiffs on contract to Wall was provided by the investment company. It was Aldrich's money.

Plaintiffs were largely delinquent in contract payments to Thompson. Aldrich was slightly delinquent in contract payments to plaintiffs. Plaintiffs sued Wall and Aldrich and garnisheed Aldrich's bank account. This made trouble.

Defendants George M. Frischkorn and Maurine J. Frischkorn purchased Thompson's interest and gave notice of forfeiture to plaintiffs, and brought summary proceedings. Thereupon plaintiffs filed this bill to enjoin proceedings at law, and to be relieved of forfeiture, and for accounting, and other relief.

Defendants Frischkorn answered and by cross-bill sought foreclosure. Defendant Aldrich answered and sought, as assignee, rescission of the contract with plaintiffs and with Wall. Answer was also filed by Frischkorn Real Estate Company.

Foreclosure to defendants Frischkorn was decreed, with reasonable opportunity to plaintiffs and to Aldrich and to Wall to pay or to redeem, and with foreclosure against Wall and Aldrich in case plaintiffs paid up their contract with the Frisch-

korns, and with right in Wall and Aldrich to pay or redeem.

Plaintiffs have appealed, and their contention is that Frischkorn Real Estate Company, as their agent, made a secret profit on the sale of $3,000, for which it should account, and, for this reason, they urge the personal defendants Frischkorn ought not to forfeit or to demand possession.

Defendants argue the letter first quoted from is an option, and that, therefore, upon its acceptance and fulfillment according to its terms, it is immaterial to plaintiffs what profit was thereafter made or who made it. It may be doubted that there was an option, in view of the provision for a commission, and the further fact that parties seem to have construed the writing as creating an agency (*Hanscom v. Blanchard,* 117 Me. 501 [105 Atl. 291, 3 A. L. R. 545]), so we do not rest decision on this point.

It cannot be said on this record that Frischkorn Real Estate Company made any secret profit on the sale by plaintiffs to Wall, that it got anything but its agreed commission. The Frischkorn Investment Company, a separate and distinct corporation, made a discount or profit in connection with its dealing with Aldrich, but we cannot hold this to be a profit of the defendant corporation, Frischkorn Real Estate Company. Nor can we hold the investment company to be a mere tool or subsidiary of the real estate company and without distinct corporate entity, as case to support such holding is not made out, and the investment company is not before the court. *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich. 486. Whether the profit in question was upon the transfer by Wall to Aldrich, as contended by plaintiffs, or upon discount of the investment company's obligation to Aldrich, as urged by defendants, is a

question of fact on this record, upon which plaintiffs had burden of proof. The decision of the trial judge is against plaintiffs. He had opportunity to see and hear the witnesses. We decline to disturb his holding. Whether plaintiffs may use matter between themselves and the real estate company to prevent forfeiture and foreclosure by defendants Frischkorn need not be discussed.

Affirmed. Costs to defendants.

MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred. FEAD, J., did not sit.