TALBERT *v.* SOLVENTOL CHEMICAL PRODUCTS, INC.

1. GARNISHMENT—ASCERTAINMENT OF DAMAGES.
     Where amount of damages sought by a plaintiff has not been previously adjudicated, it is a prerequisite to garnishment that such damages must be ascertainable in amount by a standard referable to the contract itself (3 Comp. Laws 1929, § 14857).

2. SAME—DAMAGES—STANDARD REFERABLE TO CONTRACT—EVIDENCE.
     That recoverable damages in garnishment proceedings must be ascertainable in amount by a standard referable to the contract itself does not require that every essential for computing

damages must be found in the words of the contract but it is sufficient if the damages claimed were susceptible of definite ascertainment by testimony (3 Comp. Laws 1929, § 14857).

3. SAME—TORTS—CONTRACTS—JUDGMENTS.
   Garnishment is not permissible in tort actions but only in personal actions arising upon contract or in suits on judgments or decrees (3 Comp. Laws 1929, § 14857).

4. SAME—CONSTRUCTION OF STATUTES.
   Garnishment is a harsh statutory remedy which may not be enlarged nor cut down by construction.

5. SAME—AFFIDAVIT—STATEMENT OF AMOUNT.
   Affidavit in garnishment before judgment in principal suit need not state the amount claimed with absolute correctness as long as the damages may be ascertained by standards referable to the alleged contract, if proven (3 Comp. Laws 1929, § 14857).

6. SAME—DAMAGES—CONTRACTS—EVIDENCE.
   In garnishment by plaintiff who sought to recover damages for breach of alleged contract for commissions of a certain percentage of gross sales of defendant's metal cleaning compound to certain customers for duration of the life of such business where declaration averred commissions of over $59,000 in course of nearly five years and affidavit stated damages in a given amount, order denying principal defendant's motion to dismiss garnishment proceedings was proper, since there was set forth a standard referable to the contract by which damages could be ascertained by proof (3 Comp. Laws 1929, § 14857).

7. SAME—ABUSE OF PROCESS—STATEMENT OF AMOUNT.
   Issuance of writs of garnishment to plaintiff before judgment under declaration averring payment under contract, breached by defendant, of over $59,000 in approximately five years and that the contract for commissions on the sale of defendant's product was worth $100,000 to plaintiff and a like measure of indebtedness in the affidavit for garnishment did not constitute an abuse of the garnishment process since, under the circumstances, the statement of the amount due was not exaggerated (3 Comp. Laws 1929, § 14857).

8. SAME—HAMPERING WAR EFFORT—RECORD.
   Claim that garnishment proceeding should be dismissed because it hampered defendant in fulfilling its part in furnishing

metal cleaning compound in the war effort *held*, not sustained under record presented.

SHARPE, J., dissenting.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 9, 1942. (Docket No. 64, Calendar No. 42,094.) Decided April 6, 1943. Rehearing denied June 7, 1943.

Garnishment proceedings by Howard A. Talbert against Solventol Chemical Products, Inc., a Michigan corporation, principal defendant, and six garnishee defendants. Principal defendant appeals from order denying its motion to dismiss garnishment proceedings. Affirmed.

*Max Kahn,* for plaintiff.

*Yerkes, Sells & Putnam,* for principal defendant.

NORTH, J. Plaintiff brought this suit to recover damages alleged to have resulted from breach of a contract, such contract being evidenced by letters written to plaintiff by defendant company. The common counts were added to the special count in plaintiff's declaration. While suit was thus pending, plaintiff filed an affidavit for writ of garnishment, averring that the defendant "is justly indebted to the said plaintiff upon such contract, in the sum of $100,000, over and above all legal setoffs." Writs of garnishment were served on six garnishee defendants. The trial court denied defendant's motion to dismiss the garnishment proceedings. Leave having been granted, defendant has appealed.

Defendant's motion to dismiss was based on the grounds that the damages sought to be recovered in the principal suit were unliquidated and unascertainable in a given amount, and further that garnish-

ment process was being used as a means of coercion, and of preventing defendant from carrying on its business incident to war activities. In substance plaintiff's declaration alleges defendant breached its contract to pay commissions to plaintiff for sales of its metal cleaning compound, which sales were to be "developed" by plaintiff, and payment of commissions were to continue during the life of such business.

The pertinent portion of the garnishment statute reads: "That the principal defendant (naming him or them) is justly indebted to the plaintiff on such contract, judgment, decree or transcript, in a given amount, over and above all legal setoffs, and that the plaintiff or affiant is justly apprehensive of the loss of the same, unless a writ of garnishment issue." 3 Comp. Laws 1929, § 14857 (Stat. Ann. § 27.1855).

If, as in the instant case, the amount of damages sought by a plaintiff has not been previously adjudicated, it is a prerequisite to garnishment that such damages must be ascertainable in amount by a standard referable to the contract itself. *Roelofson* v. *Hatch,* 3 Mich. 277. The trial court stated the rule to be as above noted, and in denying defendant's motion to dismiss the garnishment proceeding the trial court held there was compliance in the instant case with the stated requirement. Notwithstanding appellant's contention to the contrary, the trial judge was correct in his holding.

*Roelofson* v. *Hatch, supra,* was an attachment suit, but the pertinent legal principle was quoted with approval in a much more recent decision wherein we upheld garnishment proceedings which were challenged on the ground that plaintiff's damages were unliquidated and could not be definitely computed by a standard referable to the contract. See *Old*

*Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich. 486. In this case, which was a suit for damages for breach of contract, we quoted approvingly from the *Roelofson* decision the following:

" 'There are many contracts where, although the damages are not liquidated in the contract, yet by well-established rules of law they are capable of being ascertained definitely upon proof of the facts, and to hold, that in all this class of cases, the plaintiff is debarred of this remedy (of garnishment), would be to defeat, in a great measure, the purposes sought to be secured by its enactment.' "

In the instant case no question is raised as to the sufficiency of the affidavit in consequence of which the writs of garnishment were issued. Instead, the question is whether or not plaintiff's cause of action as set forth in his declaration is one in which the damages claimed are ascertainable by a standard referable to the contract, the breach of which gave rise to this suit. In the opinion of the trial judge, filed incident to denial of defendant's motion, the contents of the declaration are accurately set forth and more fully than hereinbefore indicated. We quote:

"Plaintiff's action is based upon an express contract as embodied in a letter dated June 30, 1936, * * * and the subsequent agreement of October 14, 1936, * * * that plaintiff obtained or procured from the Ford Motor Company a contract for the sale of defendant's products; that in his agreement with the defendant the agreed commissions on the sale of its product was provided as not less than 15 per cent. but that upon receipt of the first order from the Ford Motor Company in 1937, it was agreed between Charles A. Campbell, president of the defendant corporation, and plaintiff, that his commissions shall and will be on the basis of 20 per cent. of the gross sales to the Ford Motor Company, and

that such arrangement continued during the intervening years; * * * that he received from defendant during the years 1937 to December, 1941, commissions totalling $59,140; that on November 29, 1941, he was informed by the defendant by telegram: 'This is to advise that your services as representative of Solventol Company are terminated as of this date. Solventol Chemical Products, Inc., C. A. Campbell.'; that the breach of contract on behalf of the defendant rendered it impossible for him to further perform and alleges that the value of said contract to him is in the sum of $100,000.''

In his opinion the trial judge further stated:

''The pertinent clause in sales agreement, Exhibit A, upon which plaintiff relies, provides: 'It is understood that should you develop metal cleaning business from any of the above listed concerns (which included the Ford Motor Company) that your commission will remain intact as long as those companies continue to use the products which you have established the sale of.' And in Exhibit B: 'Further, we wish to assure you that it is our intention should any business be derived from Ford Motor Company on metal cleaning compounds, that we intend to consider you as our direct representative and pay you the commissions as previously agreed upon during the life of such business.' ''

We are of the opinion that the ruling of the trial judge is sustained by our former decisions and that this phase of the present appeal is controlled by *Old Ben Coal Co.* v. *Universal Coal Co., supra.* There, as here, the amount of damages which plaintiff would be entitled to recover under his declaration could not be ascertained alone from the contract which plaintiff claimed the defendant had breached; but it could be determined by competent proof under the declaration and by a standard ascertainable from the contract.

The phrase that the recoverable damages must be ascertainable in amount by a "standard referable to the contract itself," does not mean that every essential for computing damages must be found in the words of the contract, and courts have not so construed it. Instead it has quite universally been held that it is sufficient if, in the light of the terms of the contract, "the damages claimed *were susceptible of definite ascertainment by testimony.*" *Showen* v. *J. L. Owens Co.*, 158 Mich. 321, 335 (133 Am. St. Rep. 376). In the cited case plaintiff's suit was primarily for the recovery of damages alleged to have resulted from defendant's breach of its contract to furnish plaintiff, for resale, threshing machines guaranteed by defendant "to be free from inherent and mechanical defects," and plaintiff alleged the machines were not free from such defects. We affirmed the trial court's refusal to dissolve an attachment and cited numerous supporting cases; notwithstanding it is obvious the *amount* of damages plaintiff might recover was not disclosed by the terms of his contract, but the standard or scope of recovery was determinable by reference to the contract and the amount of damages was a matter to be adjudicated in the light of competent proof.

In writing for reversal in the instant case, Mr. Justice SHARPE has attempted to distinguish the case of *Old Ben Coal Co.* v. *Universal Coal Co.*, *supra*, by stating "the price per ton for coal was specific and the number of cars was specific" and notes that the elements controlling the amount of recovery in the instant case are not definite or specific. But in attempting to distinguish the *Old Ben Coal Co. Case* in this manner my Brother seems to have overlooked the entire absence of any contract provision as to how many tons of coal the defendant in the cited case contracted to deliver to the plain-

tiff. In this respect the amount of plaintiff's damages in that case could not be "ascertained from the contract," any more than in the instant case; but in each case the damages for the breach of the contract are "susceptible of definite ascertainment by testimony." There may be a limit beyond which the trial court cannot go in the instant case in allowing recovery because of claimed damages being too speculative. We are not now concerned with that question. In the instant case over a period of five years next prior to December 1, 1941, defendant had paid plaintiff annually an average of over $10,000 under this contract. Plaintiff's suit was started in January, 1942, and has not yet been tried on the merits. It would be an anomalous state of law if upon producing sufficient competent proof plaintiff, under such circumstances, could not recover damages the measure or standard of which would be "referable to the contract" which defendant is alleged to have breached.

In writing for reversal my Brother concludes "that the rule announced in *Kristoffy* v. *Iwanski,* 255 Mich. 25, is the proper rule to follow in the case at bar." This conclusion is obviously erroneous because the cited case is not in point in the instant case. The case now under consideration arose from the alleged breach of contract, not from the commission of a tort. By the express terms of the statute garnishment is not permissible in tort actions, but only in "personal actions arising upon contract" or in suits on judgments or decrees. 3 Comp. Laws 1929, § 14857 (Stat. Ann. § 27.1855). The opinion in the *Kristoffy Case* clearly discloses that suit arose from an alleged fraud. Decision dismissing the garnishment proceedings was based upon the fact that it was a *tort* case for fraud and conspiracy, instead of a contract case. This appears beyond cavil

from the following portion of the opinion in the *Kristoffy Case,* affirming the trial court:

"The dismissal (of garnishment proceedings in the trial court) is upon the ground that the action arises in tort, not upon contract, and is for an unliquidated amount, and, therefore, will not support garnishment.

"The statute, 3 Comp. Laws 1929, § 14857, so far as here important, permits garnishment in personal actions arising upon contract. The indebtedness must be such that it may be stated in the affidavit to be due on contract and in a given amount. \* \* \*

"The form of assumpsit declaration used is not important, respecting garnishment. It is important that the action shall arise upon contract."

We repeat from our opinion in the *Old Ben Coal Company Case, supra:* "It is urged properly that garnishment is a harsh statutory remedy which may not be enlarged by construction. Nor should it be cut down by construction. The remedy should not be denied in case within statutory requirements." As hereinbefore noted appellant raises no question as to there having been compliance with statutory procedural requirements in the garnishment. The statute requires that the affidavit in garnishment *shall state* that the principal defendant is indebted to the plaintiff *in a given amount.* This requirement was met by plaintiff's garnishment affidavit; and it is not required that the amount be stated with absolute correctness as determined by the amount ultimately found due to plaintiff in the principal suit. In the case at bar, the damages may be ascertained by the standards set up in the alleged contract, if proven.

Appellant urges that its motion should have been granted on the ground that there was an abuse of the garnishment process. This contention is not sus-

tained by the record. Plaintiff in his declaration alleges payment under the contract of commissions totaling more than $59,000 in approximately five years, and "that the value of said contract to him * * * is the sum of $100,000." Neither this latter allegation nor the like measure of indebtedness averred in plaintiff's affidavit for garnishment can, on this record, be held to be a statement merely in "round numbers" or in an exaggerated amount. The instant case is not within our holding in *Chapman* v. *Metropolitan Corp.*, 268 Mich. 391, or *Tsingos* v. *Michigan Packing Co.*, 272 Mich. 7.

The remaining ground urged by defendant in support of its motion to dismiss the garnishment proceeding is "that the garnishment hampered the defendant in fulfilling its part in the war effort." We find nothing in the record which would justify a holding that for this reason the circuit judge should have granted defendant's motion.

The trial court's denial of defendant's motion to dismiss the garnishment proceeding is affirmed, and the case remanded for further proceedings. Costs to appellee.

BOYLES, C. J., and STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with NORTH, J.

SHARPE, J. (*dissenting*). I am not in accord with the opinion of Mr. Justice NORTH. He bases decision upon our ruling in *Old Ben Coal Co.* v. *Universal Coal Co.*, 248 Mich. 486. In that case plaintiff agreed to buy 100 cars of coal at $1.40 per ton and defendant promised to deliver them. After four cars had been delivered, defendant breached the contract. We there said (p. 495):

"In cases in contract for breach of contract, where the amount of damages may be computed definitely

by a standard referable to the contract and stated in a given amount, garnishment is permitted under the reasoning of the court in the cases last above cited. In the case at bar the damages are stated in a given amount in dollars and cents, they are ascertainable by the 'standard referable to the contract' —the price of a ton of coal.''

In the coal case the price per ton for coal was specific and the number of cars was specific, while in the case at bar there is no limit to the quantity of goods plaintiff may sell to the companies under contract nor have those companies agreed to take any definite amounts. It is also to be noted that there is no definite time limit to those contracts.

I am of the opinion that the rule announced in *Kristoffy* v. *Iwanski,* 255 Mich. 25, is the proper rule to follow in the case at bar. In that case plaintiff was induced to part with real estate of a claimed value of $5,000 and $385 in cash. We there said:

''A promise or contract is implied by law upon waiver of tort at common law and equally so upon waiver of tort by statute. The form of assumpsit declaration used is not important, respecting garnishment. It is important that the action shall arise upon contract. The action before us is one arising upon a contract implied by law.

''Nearly all the indebtedness (it is urged in its entirety), here claimed, cannot be stated on oath and in a given amount within the meaning of the statute, for the value of the real property conveyed cannot be determined 'by a standard referable to the contract itself,' but must rest largely in opinion. *Roelofson* v. *Hatch,* 3 Mich. 277; *Old Ben Coal Co.* v. *Universal Coal Co.,* 248 Mich. 486; *Albee* v. *Schmied,* 250 Mich. 270; 28 C. J. p. 29.''

If in the *Kristoffy Case* the value of the real estate could not be determined ''by a standard refer-

able to the contract itself,'' then in the case at bar commissions based on a fluctuating sales price and for an indefinite period are too speculative to base garnishment proceedings upon.

The motion to dismiss the garnishment should have been granted. Defendant should recover costs.

CHANDLER, J., did not sit.